Dave VAN HOOMISSEN, Plaintiff,

Equal Employment Opportunity Commission, Plaintiff-Intervenor-Appellant,

v.

**XEROX CORPORATION et al.,**
Defendants-Appellees.

No. 74–1037.

United States Court of Appeals,
Ninth Circuit.

May 29, 1974.

See also D.C., 368 F.Supp. 829.

Carlos G. Ynostroza, San Francisco, Cal., for EEOC.

John E. Thorne, of Thorne, Clopton, Herz, Stanek, Inc., San Jose, Cal., Beatrice Rosenberg, Charles L. Reischel, James P. Scanlan, of EEOC, Washington, D. C., for plaintiff.

Richard Haas, of Brobeck, Phleger & Harrison, San Francisco, Cal., for defendants-appellees.

## OPINION

Before DUNIWAY, WRIGHT and CHOY, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Van Hoomissen sued Xerox, his former employer, under Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e–2(a)], alleging that Xerox fired him and engaged in other acts of retaliation because of his efforts to recruit minorities.[1] The Equal Employment Opportunity Commission sought leave to intervene under 42 U.S.C. § 2000e–5(f)(1) and Fed.R.Civ.Proc. 24(b). In its proposed complaint in intervention, EEOC alleged that Xerox both engaged in discriminatory hiring practices and had unlawfully retaliated against Van Hoomissen. The district court granted EEOC leave to intervene, limited to the issue of retaliation. EEOC appeals, claiming that it should have been permitted to challenge Xerox's alleged discriminatory hiring practices in its complaint in intervention. We dismiss the appeal.

The threshold question is whether the district court's order is appealable. First, we consider whether it is a final order under 28 U.S.C. § 1291. An order permitting intervention is not a final order and is not appealable. Roach v. Churchman, 457 F.2d 1101 (8th Cir. 1972); Kris Petroleum v. Stoddard, 221 F.2d 801 (9th Cir. 1955). Because the district court *restricted* EEOC's ability to intervene, we are presented here with the interesting problem whether the order was, indeed, one *permitting* intervention. We need not decide this issue, however, for even assuming *arguendo* that the order should be treated as a *denial* of intervention, it nevertheless is not appealable.

Intervention by EEOC under either 42 U.S.C. § 2000e–5(f)(1) or Fed. R.Civ.P. 24(b) is committed to the discretion of the district court. Although the denial of a motion for leave to intervene is appealable where the intervenor claims intervention as a matter of right, where intervention is a matter within the discretion of the district court the order is appealable only if there is an abuse of discretion. Brotherhood of R. R. Trainmen v. Baltimore & O. R. R. Co., 331 U.S. 519, 524–525, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947), *cf.* Sam Fox Publishing Co. v. United States, 366 U. S. 683, 687–688, 81 S.Ct. 1309, 6 .L.Ed.2d 604 (1961). Therefore, we must scrutinize the district court's use of discretion to determine whether the order is appealable.

The district court's discretion, at least under Rule 24(b), to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues. *See* Ionian Shipping Co. v. British Law Ins. Co., 426 F.2d 186, 191–192 (2d Cir. 1970). We perceive no reason why the district court's discretion under § 2000e–5(f)(1) should differ in this regard. The question remains whether the district court abused the discretion it was empowered to exercise.

The primary thrust of Van Hoomissen's complaint in the original action was

I. Van Hoomissen also sought relief under 42 U.S.C. § 1981 and state law.

an objection to Xerox's retaliation against him. It is true that he alleged that Xerox engaged in discriminatory hiring practices, but this allegation seems merely to provide the background against which the retaliation occurred. Van Hoomissen did not seek relief directed at rectifying the alleged hiring practices. Rather, he limited his prayer -for relief to harms caused by Xerox's retaliation.

Under these circumstances it would not be unreasonable for the district court to conclude that the trial would be unnecessarily expanded beyond the scope of Van Hoomissen's original retaliation complaint if the EEOC were permitted to intervene and allege discriminatory hiring practices as an independent claim. Since the district court acted reasonably to confine the scope of the trial to that presented by a fair interpretation of the original complaint, it did not abuse its discretion. The order is, therefore, not appealable under 28 U.S.C. § 1291.[2]

We are aware that the Supreme Court has held that the requirement of finality be given a practical rather than technical construction and that the Court has permitted appeals under § 1291 where the order has not been absolutely final. Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S. Ct. 1221, 93 L.Ed. 1528 (1949). In Gillespie the Court held that an order striking most, but not all, of the claims raised in plaintiff's complaint was, in the circumstances of the case, a "final" decision under § 1291. The Court relied heavily on the fact that the question of finality was a close one and a dismissal for lack of finality would work a hardship on the appealing party. We are not

here faced with a similar situation. Even if we were to review the order on the merits, the issue would be whether the district court abused its discretion. Since we applied this standard to determine the order's appealability, it is difficult to discern the hardship caused appellant by grounding our decision on a jurisdictional basis. Thus, unlike Gillespie, there is no compelling reason to resolve doubts in favor of the order's finality.

In Cohen, the Court held that certain collateral orders, which would not merge with the final judgment and thus become reviewable, are appealable under § 1291 even though they are not final in the sense that they terminate the action with respect to the appealing party. The Court concluded that where these rights are "too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," 337 U.S. at 546, review should be available under § 1291. Substantial reliance was placed on the fact that the rights claimed on appeal, dealing with the necessity to post security for expenses pending the outcome of the litigation, would be irrevocably lost if review were delayed until a final judgment was filed. Id. In essence, the Court deferred to the practicalities of the case rather than the technicalities of § 1291.

While there are similarities between the instant case and Cohen, we are not persuaded that the situation is sufficiently compelling to demand a relaxation of the requirements of finality. Although the EEOC's right to intervene may effectively be lost if review is delayed until the termination of the litigation, its right to press its discrimination

2. The rule of *Brotherhood of R.R. Trainmen* that the appealability of an order denying permissive intervention turns on the merits has been criticized, *see* Shapiro, Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 721, 748–51 (1968); 3B Moore's Federal Practice ¶ 24.15. Indeed, the Second Circuit has followed the suggestion of the commentators, Ionian Shipping Co. v. British Law Insurance Co., 426 F.2d 186, 188–189 (1970). Nevertheless, the Supreme Court has not suggested that the *Brotherhood of R.R. Trainmen* rule has lost its vitality. Since the distinction is semantic and does not affect the actual interests of the parties, we see no compelling reason to circumvent the Supreme Court's language, although we recognize the persuasiveness of the rule's critics.

charges against Xerox remains effective. Moreover, *Brotherhood of R.R. Trainmen,* decided only two years before *Cohen,* explicitly states that the order is not appealable absent an abuse of discretion, and there is nothing in *Cohen* evidencing an intent of the Court to withdraw from that position. *Cohen* represents an exception to the finality requirement of § 1291 justified by compelling equitable reasons. We are reluctant to expand the exception, lest it defeat the rule, without more compelling reasons than are presented by this case. This is especially true when to do so would require us to contravene the clear mandate of *Brotherhood of R.R. Trainmen.*[3] *Cf. also,* Sam Fox Publishing Co. v. United States, *supra* at 687–688.

■ Second, we consider whether the order is appealable as an interlocutory order under 28 U.S.C. § 1292. The district court did not certify the appeal under § 1292(b), and it is clear that this court's jurisdiction cannot be invoked on that basis. The EEOC does argue, however, that the order is appealable under § 1292(a)(1) as an order denying injunctive relief. Since the partial denial of leave to intervene effectively precluded granting certain injunctive relief requested in the complaint in intervention, the EEOC argues that the order falls within the scope of § 1292(a)(1).

The EEOC relies heavily on Spangler v. United States, 415 F.2d 1242 (9th Cir. 1969). There, the United States intervened as a matter of right in a school desegregation case but was not permitted to assert claims for injunctive relief against certain schools within the district. On appeal, this court held that the order restricting the intervention effectively denied injunctive relief and was, therefore, appealable under § 1292(a)(1). Since the United States had an absolute statutory right to intervene, the order restricting the complaint in intervention to certain schools was a direct denial of injunctive relief.

Here, however, the district court had discretion concerning the EEOC's ability to intervene. Thus, the order restricting intervention was essentially one concerning the scope of the litigation, and only collaterally did it deny a claim of injunctive relief. And contrary to the EEOC's assertion before this court, the *Spangler* court relied on the fact that "[t]he order of the district court was more than a discretionary order controlling the litigation." 415 F.2d at 1247.

If the EEOC's position were adopted, a denial of leave to intervene permissively could be made appealable by the inclusion of a claim for injunctive relief. But this would tend to conflict with the mandate of the Supreme Court in *Brotherhood of R.R. Trainmen* that orders denying permissive intervention are appealable only where there is an abuse of discretion. This conflict can be avoided by concluding that while a denial of intervention as a matter of right is effectively a denial of injunctive relief where there is an appropriate prayer, a denial of permissive intervention is primarily an exercise of discretion in an effort to control the litigation and only collaterally concerned with the request for injunctive relief. Thus, we decline to extend the holding in *Spangler* beyond its factual context where intervention was claimed as a matter of right, and we conclude that § 1292(a)(1) does not, under the circumstances presented here, render the district court's order appealable.

Having concluded that neither § 1291 nor § 1292 gives this court appellate jurisdiction to review the district court's order, we need not reach the issue whether the EEOC must refer the complaint to the appropriate state agency (as it might be required to do prior to commencing an independent suit) before intervening in this action.

The appeal is dismissed, and the case is remanded to the district court for further proceeding.

3. We do not imply that *Cohen* or *Gillespie* have lost vitality where their purposes and equitable considerations require their application.