Otis E. LEE, Sr.

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY et al.**

Civ. A. No. 71–205–M.

United States District Court,
D. Maryland.

Jan. 27, 1975.

David N. Kuryk, Baltimore, Md., for plaintiff.

Fenton L. Martin, Baltimore, Md., for defendants Chesapeake and Ohio Railway Company and The Baltimore and Ohio Railroad Company.

Norris W. Tingle, Baltimore, Md., and John O'B. Clarke, Jr., and Highsaw & Mahoney, Washington, D. C., for Lodge No. 176, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, and Express and Station Employees, AFL–CIO.

## MEMORANDUM

JAMES R. MILLER, Jr., District Judge.

At the close of the plaintiff's case-in-chief in the trial of the above captioned matter, the court granted the defendants'

motions for directed verdict.[1] Pursuant to 42 U.S.C.A. § 2000e–5(k), the defendants, the Chesapeake and Ohio Railway Company, The Baltimore and Ohio Railroad Company, and Lodge No. 176, Brotherhood of Railway, Airline and Steamship Clerks, Freight Handlers, and Express and Station Employees, AFL–CIO each moved for the imposition of $1,000 attorney's fees to be taxed as part of the costs payable by the plaintiff, Otis Lee, Sr.

Title 42, U.S.C.A. § 2000e–5(k) provides:

"In any action .or proceeding under this title the court, in its discretion, may allow the *prevailing party,* other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person." (Emphasis added).

■ Attorney's fees are awarded to a prevailing plaintiff in a Title VII case in order to encourage individuals to vindicate the strongly expressed Congressional policy against racial (and other) discrimination, and to penalize defendants for pursuing frivolous arguments. Lea v. Cone Mills Corporation, 438 F.2d 86 (4th Cir. 1971); Robinson v. Lorillard Corporation, 444 F.2d 791 (4th Cir. 1971); Moody v. Albemarle Paper Company, 474 F.2d 134 (4th Cir. 1973).

■ While a defendant does not act as a "private attorney general" in a Title VII action, *see* Newman v. Piggie Park Enterprises, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), a prevailing defendant is entitled to recover reasonable attorney's fees under 42 U.S.C.A. § 2000e–5(k) when required to defend against a frivolous or factually baseless action brought under Title VII. In Paddison v. Fidelity Bank, 60 F.R.D. 695 (E.D.Pa.1973), the court said that in a Title VII action

"[s]uch an award [of attorney's fees] would normally be made to prevailing defendants only if the case had been unreasonably brought . . . ." 60 F.R.D. at 699.

■ It is evident from the facts developed both at trial and at the hearing on defendants' summary judgment motions that, at least insofar as the defendant Union was concerned, plaintiff did not have any reasonable cause to believe that Lodge 176 discriminated against him because of race. Plaintiff testified at trial that Mr. Dotson and Mr. Starr, union officials whom plaintiff had consulted, never discriminated against him. Plaintiff also testified that Lodge 176 itself did not discriminate against him and that he was not treated any differently than any other union member.

Additionally, with regard to the March 5, 1971 overtime incident, in which plaintiff alleged that two persons junior to him in seniority received overtime while he did not, plaintiff stated at trial that he did not ask the Union to process his claim all the way through the grievance process. Instead plaintiff chose to file his claim of discrimination with the EEOC and abandoned the union grievance process on the claim. At the argument on the motion for summary judgment, however, plaintiff's attorney had contended that the union grievance process on the claim had been abandoned by the *Union,* against the wishes of the plaintiff, because of the Union's alleged racially discriminatory policy in failing vigorously to pursue claims of blacks.

Prior to trial, the court had granted the defendant Union's motion for partial summary judgment as to plaintiff's claims that Title VII and 42 U.S.C.A. § 1981 were violated by the Union as a result of the 1968 "bumping incidents." It was undisputed that plaintiff did not request union assistance on the bumping matter, and no evidence ·was presented tending to show that the Union conspired to cause plaintiff's displacements. Insofar as the "bumping" and overtime inci-

---

1. Partial summary judgment was entered in favor of defendants on December 20, 1974.

dents are concerned, no evidence was adduced tending to show that the Union breached its duty to plaintiff of fair representation. *See* Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ Turning now to the Railroad, it is at least arguable that plaintiff's action was not unreasonably brought or maintained. A question of law was involved in the resolution of the date as of which plaintiff's seniority is computed from and, while the issue was resolved in favor of the Railroad on undisputed facts, the court is not prepared to say that a layman, such as plaintiff, should have known his claim was baseless. Certain other claims made by the plaintiff against the Railroad of racial discrimination were resolved at trial by factual findings made by the court under Rule 41(b) F.R.Civ.P. While there was little evidence tending to show racial discrimination by the Railroad, even viewed in the light most favorable to the plaintiff, the court is not prepared to say that one in plaintiff's position would have had no basis whatsoever to suspect racially motivated action by the Railroad. Although the plaintiff several times at trial said he filed this suit "to find out why" he was bumped and did not receive the overtime pay he felt he should have received, the court, in recognition of the salutary purpose of Title VII of the Civil Rights Act, under the circumstances will give the plaintiff the benefit of the doubt that he had some good faith basis for charging the Railroad with racial discrimination and, although a close case, will, in the exercise of its discretion, decline to award attorney's fees to the Railroad.

■ The defendant Union has requested $1,000 attorney's fees. In determining the amount of attorneys' fees to be awarded, the court must consider several factors such as the time and labor required, the difficulty of the case, the skill required for the proper performance of legal services, the experience of the attorneys, and the customary fee in the community. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).

The Union has submitted the affidavit of Beverly Bird, office manager for four years for the firm of Highsaw & Mahoney in Washington, D. C. Highsaw & Mahoney represents the defendant Union. According to the affidavit, the two-man firm of experienced labor lawyers billed clients at the rate of $50 per hour in 1971, 1972, and 1973. In January, 1974, the rate was increased to $60 per hour. In August, 1974, Mr. Clarke joined the firm and his services are billed at $35 per hour.

The affiant further states that as of January 7, 1975, the total of the bills sent to the Union for legal work was $7,159.00. That sum, however, does not include 15¾ hours which Mr. Clarke devoted to the case on January 2 and January 3, 1975.

Norris W. Tingle, Esq., local counsel for the Union, states by way of affidavit dated January 14, 1975, that his charge for legal services will be $500. He intended to submit the bill to the Union within a few days.

The Union has also submitted the affidavit of Robert Powers, Treasurer of Lodge 176 for the past three years. According to Mr. Powers, the Lodge (Union) has paid $1,847.74 in legal fees to the firm of Highsaw & Mahoney. That sum represents only ⅓ of the legal fees incurred through November, 1974, because Lodge 176 agreed with the International that it would pay ⅓ of all expenses related to the suit.

The defendant Railroad has submitted the affidavit of H. J. Harbert, Director of Payroll Accounting of the Chesapeake and Ohio Railway Company and The Baltimore and Ohio Railroad Company. The affiant states that plaintiff is currently employed as a vacation relief clerk with gross wages of $51.51 per day. His annual wage for 1974 as reflected on his W-2 form was $13,396.84.

Mr. Lee's affidavit states that he grosses $1,030.20 per month and nets $896.48. According to Mr. Lee's state-

ment of his gross monthly salary, his gross yearly salary is $12,362.40. He further assets that his monthly expenses meet or exceed his net pay and that his saving account contains approximately $300.

Based on the foregoing, the court finds that, in the exercise of its discretion, a $1,000 attorneys' fee is reasonable and justified and is awarded to defendant Union.

An order will be entered in accordance with this opinion granting judgment to both defendants on the merits, awarding attorneys' fees of $1,000 to the defendant Union and awarding court costs to both defendants. Counsel for the defendant Union, after consulting with counsel for the other parties, should submit the proposed order within ten (10) days of the date of this opinion.