Roger R. CLANTON et al., Plaintiffs,

v.

ALLIED CHEMICAL CORPORATION, Defendant.

Civ. A. No. 5-73-R.

United States District Court,
E. D. Virginia,
Richmond Division.

June 23, 1976.

Henry L. Marsh, III, James W. Benton, Jr., Hill, Tucker & Marsh, Richmond, Va., Robert B. Wallace, Alexandria, Va., Charles Lister, David J. Cynamon, Covington & Burling, Washington, D. C., for plaintiffs.

Francis V. Lowden, Jr., Hill B. Wellford, Jr., Jack W. Burtch, Jr., Hunton & Williams, Richmond, Va., for defendant.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court once again for a determination of the issue of counsel fees, if any, to be assessed against the defendant. The background of this litigation brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and § 1 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, has been previously dealt with by the Court in its Memorandum of March 4, 1976.

Subsequent to the Court's Memorandum of March 4, 1976, the parties entered into an agreement supplementing the settlement agreement reached on behalf of the class members to this action and approved by the Court on June 24, 1975. The agreement of June 24, 1975 disposed of the merits of the litigation but left open the issue of whether an award of attorneys' fees was appropriate. The supplemental agreement of March 4, 1976 stipulated that, subject to the Court's rulings on certain issues hereinafter addressed, plaintiffs' are to recover

from the defendant attorneys' fees and costs as the Court adjudges to be reasonable. Before reaching the question of the appropriate award, however, the Court, consistent with the agreement between the parties, must address two issues that may preempt all or part of such a determination.

First, the defendant contends that the plaintiffs have not satisfied the jurisdictional prerequisites of a Title VII suit because suit was begun more than 90 days after receipt of what defendant argues was a statutory notice from the Equal Employment Opportunity Commission (hereinafter "EEOC"). *See* 42 U.S.C. § 2000e–5(f). On August 24, 1972, the EEOC, by letters, which the Court deems to have been purely informational, one of which was signed by the Acting Supervisor of Conciliation, and the other by the Director of the Washington District Office, notified the plaintiffs that efforts to conciliate their charges against the defendant had been unsuccessful and that since more than 180 days had passed since the respective complaints were filed they had the right to file a court action. In one letter it was suggested that the plaintiffs contact counsel. On September 12, 1972, the plaintiffs held a meeting with counsel to consider whether to await the EEOC's further conciliation efforts, the EEOC's institution of suit, or to seek private civil relief in federal court on their own behalf. Concluding it appropriate so to do, the plaintiffs requested a notice of right to sue letter as a precedent step to litigation. On October 5, 1972 and on November 28, 1972, the appropriate plaintiffs were issued the formal EEOC right to sue notice. Within 90 days from October 5, 1972, the instant suit was commenced. The defendant's position, simply stated, is that the August 24, 1972 letters constitute the statutory right to sue notice, and the instant suit is time barred.

The timing of the EEOC right to sue notice is controlled by § 706(f) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f). ". . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or *if within one hundred and eighty days from the filing of such charge* or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . ., or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . *shall so notify* the person aggrieved and within ninety days after giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice." (Emphasis added).

Prevailing case law holds that § 706(f) does not require that the Commission institute suit within the specified 180-day period. *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301, 1306 (8th Cir. 1975); *EEOC v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1356–57 (6th Cir. 1975); *EEOC v. Louisville and Nashville R. R.*, 505 F.2d 610, 612 (5th Cir. 1974); *EEOC v. Cleveland Mills Co.*, 502 F.2d 153, 159 (4th Cir. 1974). Accordingly, the EEOC may not have completed all the relevant administrative procedures by the end of the 180-day period; the EEOC may not have concluded to refrain from pursuing its judicial remedies. It is only when the EEOC has concluded its efforts that it can and must, on its own initiative, issue the right to sue notice. The aggrieved party may, however, as in the instant case, demand at any time after the expiration of the 180-day period a right to sue notice from the EEOC so as to permit he or she to proceed with private litigation, rather than wait for the EEOC to conclude its procedures on the matter. 29 C.F.R. § 1601.-25b(c) (1975). Neither of the August letters indicated that the EEOC had concluded not to sue in its official capacity, and thus the letters cannot be read as indicating that the EEOC had exhausted its administrative procedures. Since the plaintiffs had not at that time requested the right to sue notice,

and the EEOC had not indicated in its letters that it had fully completed its determinations, no legal basis exists for construing the August letters as a statutory notice triggering the running of the 90-day limitation period. *E. g., Lacy v. Chrysler Corp.,* 533 F.2d 353, 11 E.P.D. ¶ 10,746 (8th Cir. 1976); *cf., DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 310 (2d Cir. 1975) (dicta). The Court is satisfied that the August letters are appropriately construed as informational communications directed to the complainants so as to inform them of their right to demand a formal right to sue notice under EEOC procedural regulations, even in the absence of an exhaustion of EEOC efforts to secure compliance on the matter.

The second issue which must be determined prior to the Court's addressing itself to attorneys' fees and costs is the contention of defendant that a contractual relationship between the EEOC and the Washington Lawyers' Committee for Civil Rights under Law precludes an award of attorneys' fees to counsel paid out of that office. The contractual relationship is premised on the fact that the Washington Lawyers' Committee is substantially funded by the EEOC. The EEOC may not recover fees for suits brought under Title VII, and the defendant contends that to permit Lawyers' Committee attorneys to recover fees in the instant case would subvert the purpose of the congressional directive. That position, in the Court's view, is not well taken. The evidence before the Court, in the form of affidavits, indicates that the Lawyers' Committee, though funded substantially by the EEOC, is an independent legal entity. EEOC has no direct control over the types of cases the Lawyers' Committee pursues, and all fees and costs received in litigation are kept by the Committee to finance its own ventures. The Court finds the relationship no impediment to an award of counsel fees to the attorneys associated with the Lawyers' Committee. *See, e. g., Jones v. Seldon's Furniture Warehouse, Inc.,* 357 F.Supp. 886 (E.D.Va.1973); *Rios v. Enterprise Ass'n Steamfitters Local No. 638,* 400 F.Supp. 993 (E.D.N.Y.1975).

Plaintiffs are entitled to reasonable counsel fees and costs.

Turning now to the amount of fees and costs to be awarded, it is to be noted that plaintiffs seek an award of fees in the amount of $205,139.50 plus court costs and out-of-pocket expenses in the amount of $7,306.23. The requested fees are designated by plaintiffs as $161,890.00 for actual work performed, and an additional sum of $40,472.00 for what they designate as a "result award." The instant case was settled in part by a payment to the plaintiff class in an amount of $200,000 representing back pay. While the award of counsel fees in cases of this nature are frequently characterized as discretionary, in the absence of special circumstances, plaintiffs are entitled to an award of fees. Only the amount to be awarded is within the exercise of appropriate judicial discretion. *See Newman v. Piggie Park Enterprises,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Robinson v. Lorillard Corp.,* 444 F.2d 791, 804 (4th Cir. 1970). *See also Tillman v. Wheaton-Haven Recreation Ass'n, Inc.,* 517 F.2d 1141, 1147 (4th Cir. 1975).

The objective factors which the Court deems appropriate to take into consideration are: (1) the matter was handled by counsel on a contingent basis: (2) the time and skill required and utilized to effectively represent the class; (3) the amount involved and the results obtained; (4) the usual charges by attorneys in this area. The instant case was thoroughly prepared for trial and was not disposed of by way of settlement until literally at the eve of trial. The Court is thoroughly familiar with the high caliber of legal skill utilized both by the plaintiff class and the defendant corporation. The principal counsel on both sides can only be characterized as excellent. The issues were vigorously contested. The Court is satisfied that the time totals submitted by the plaintiffs' attorneys are accurate and while the Court will give liberal deference to their judgment on the amount of time they felt necessary to properly prepare and pursue the case, the Court cannot help but conclude that plaintiffs' request

for attorneys' fees at the rate of $50 per hour for associate attorneys with between one and three years of experience, and fees of between $60 and $70 per hour for those with four to five years of experience are above the usual.

 Self estimates of worth are typically tempered only by the attorney-client negotiation process before legal services are accepted, and that process is absent in the instant situation. In addition, the Court considers it inappropriate to charge the defendant time spent by more than two counsel for the plaintiffs for either the taking of depositions or argument on motions. The Court is fully cognizable of the desire of all counsel to fully participate, and while encouraging same deems it unnecessary for, as in the instant case, a plaintiff class to be represented by as many as five counsel for oral argument on a motion. While attorneys should not be penalized for providing full and exhaustive services for their clients, the awarding of fees to attorneys for supplying moral support, or because of their own enthusiasm, is not warranted. Plaintiffs seek fees for the utilization of eight attorneys and fifteen nonlegal personnel. The total amount of time expended by these individuals approximates 3,470 hours. One half of that time was expended by personnel who were either paralegal or recent law school graduates. Additionally, a portion of the time expended was done so in presenting the issue of counsel fees. In light of the fact that the resolution of this issue inures only to the benefit of counsel, as distinguished from the plaintiff class, no allowance for such time will be considered in the Court's ultimate judgment.

An award of counsel fees and costs will be made consistent with this Memorandum.

An appropriate order will issue.