**Mark D. GOFF, Plaintiff,**

v.

**TEXAS INSTRUMENTS INCORPORATED,
Defendant.**

**Civ. A. No. CA 3–75–1439–D.**

United States District Court,
N. D. Texas,
Dallas Division.

April 13, 1977.

H. Campbell Zachry, Durant, Mankoff, Davis & Wolens, Dallas, Tex., for plaintiff.

Wayne S. Bishop, Lawrence D. Levien, Charles L. Warren, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT M. HILL, District Judge.

The motion of the defendant, Texas Instruments, for taxation of costs and attorney's fees came on for consideration before the Honorable Robert M. Hill, United States District Judge. The court has considered the motion, the arguments and briefs of counsel, and is of the opinion that it should be granted.

This motion arises from an employment discrimination suit filed against the movant by Mark D. Goff, an engineer, alleging that he was laid off because of his religion (Jewish) and national origin (American). Plaintiff evidently lost any Title VII claim by his failure to pursue administrative remedies. He filed this suit under jurisdiction pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1984, and 1985.

The defendant pleaded lack of jurisdiction in its answer, but it failed to pursue the point until after interrogatories and depositions. It then filed a motion for judgment on the pleadings or, alternatively, summary judgment. The plaintiff resisted this motion in a written response, contending that there were genuine issues of material fact. At the hearing, however, Goff conceded that he did not state any claim pursuant to the federal jurisdiction invoked.[1] After the court's order of November 11, 1976, dismissing the case, Texas Instruments filed its motion for costs and attorney's fees under Public Law 94–559 (Oct. 19, 1976) or, alternatively, under the American rule.

■ The plaintiff has not contested the applicability of P.L. 94–559 to defendants in a civil rights suit or the retroactivity of this recent statute. It is readily apparent from

---

1. The plaintiff failed to allege the necessary elements for each of the civil rights laws invoked: state action under § 1983; racial discrimination under §§ 1981 and 1982; and conspiracy under § 1985.

the legislative history that Congress intended this statute to benefit all prevailing parties (other than the United States) in all pending actions to enforce rights under 42 U.S.C. §§ 1981, 1982, 1983, 1985, or 1986. *See* Senate Report No. 94–1011 (June 29, 1976), 1976 U.S.Code Cong. and Adm.News p. 5908; House Report No. 94–1558, 94th Cong. 2d Sess. p. 4 n. 6. The parties do, however, dispute the standard for awarding attorney's fees to a defendant under the statute and its application to the facts of this case.

The statute itself contains no standard. It merely provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." The legislative history, however, indicates that while a prevailing plaintiff " 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust,' " a prevailing defendant is not routinely entitled to attorney's fees. Senate Report No. 94–1011 (June 29, 1976), 1976 U.S.Code Cong. and Adm.News at p. 5912.

> Such "private attorneys general" should not be deterred from bringing good faith actions to vindicate the fundamental rights here involved by the prospect of having to pay their opponent's counsel fees should they lose. *Richardson v. Hotel Corporation of America*, 332 F.Supp. 519 (E.D.La.1971), aff'd, 468 F.2d 951 (5th Cir. 1972). (A fee award to a defendant's employers, was held unjustified where a claim of racial discrimination, though meritless, was made in good faith.) Such a party, if unsuccessful, could be assessed his opponent's fee only where it is shown that his suit was clearly frivolous, vexatious, or brought for harassment purposes. *United States Steel Corp. v. United States*, 385 F.Supp. 346 (W.D.Pa.1974), aff'd, 9 E.P.D. ¶ 10,225 (3d Cir. 1975). This bill thus deters frivolous suits by authorizing an award of attorney's fees against a party shown to have litigated in "bad faith" under the guise of attempting to enforce the Federal rights created by the statutes listed in S. 2278. Similar standards have been followed not only in

the Civil Rights Act of 1964, but in other statutes providing for attorney's fees. *Id.*

This formulation—"clearly frivolous, vexatious or brought for harassment purposes" —must be compared with the traditional American rule allowing a prevailing party attorney's fees when his opponent has litigated "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyesha Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). While there is a substantial overlap in these standards, the common law rule depends almost solely on actual bad faith, either in the purpose or the conduct of the litigation. Likewise, most suits awarding attorney's fees to defendants under the statute will doubtless involve malicious litigation, e. g., *Carrion v. Yeshiva University*, 535 F.2d 722 (2d Cir. 1976) (the plaintiff's testimony was characterized as an "unmitigated tissue of lies" by the trial judge, who awarded attorney's fees to the defendant under 42 U.S.C. § 2000e–5(k)), or vexatious conduct of a plaintiff in the course of the litigation, e. g., *Robinson v. KMOX*, 11 FEP 465 (E.D.Mo.1975). But the statutory language and the inclusion in itself of defendants under the statute suggest that prevailing defendants may recover under less egregious circumstances than traditional bad faith, harassment, or an absolute refusal to cooperate in the litigation.

The fact that Congress intended this statute to benefit defendants under any circumstances indicates that the standard to be applied in favor of defendants must be more liberal than bad faith. Otherwise, the statute would be logically redundant and unnecessary given the court's equity powers to award attorney's fees under the American rule. The legislative report used the language "clearly frivolous" in its formulation. It also stated that the standard under P.L. 94–559 should be "generally the same as under the fee provisions of the 1964 Civil Rights Act." Senate Report No. 94–1011, 1976 U.S.Code Cong. & Admin.News at p. 5912. Various Title VII cases have characterized the standard to be applied to the

plaintiff's case as "unreasonably brought," *Paddison v. Fidelity Bank*, 60 F.R.D. 695, 699 (E.D.Pa.1973); "frivolous or factually baseless," *Lee v. Chesapeake and Ohio Ry. Co.*, 389 F.Supp. 84 (D.Md.1975); and "unreasonable, frivolous, meritless or vexatious," *Carrion v. Yeshiva University, supra.*

■ The court must apply the standard of "clearly frivolous" with some discrimination since Senate Report No. 94–1011 emphasized that private attorneys general should not be penalized for proceeding with a claim which "though meritless was made in good faith." 1976 U.S.Code Cong. & Admin.News at p. 5912. The court understands this report and its citation of *Richardson v. Hotel Corporation of America*, 332 F.Supp. 519 (E.D.La.1971) *aff'd*, 468 F.2d 951 (5th Cir. 1972) to mean that a court should not assess penalties against a plaintiff for proceeding on a novel but nonfrivolous legal theory. When, however, a plaintiff proceeds on a clearly frivolous legal basis, such as suing a private corporation under § 1983 without any contentions of state action, he should be liable for reasonable attorneys fees.[2]

■ A court should not cavalierly penalize a lay plaintiff for legal errors of counsel. Such treatment would defeat the private attorney general policy behind employment discrimination and civil rights legislation. Goff's filing this case without stating any claim at all could be arguably characterized as proceeding in good faith upon the advice of counsel. Attorneys sometimes file suits in haste to protect their client without much thought about legal details. However, Goff's refusal to voluntarily dismiss the case, after the defendant had filed a brief on the subject, can only be characterized as clearly frivolous. Whether or not Goff, an educated man, understood all the nuances of § 1983 and state action, there comes a point when the legally frivolous basis of a suit must be imputed to a lay party.[3] That point was reached here possibly by filing the case but certainly by maintaining it.

A second ground for assessing attorney's fees in this case is that Goff's claim was factually baseless. It was not supported by a scintilla of evidence. Although the court entered judgment on the pleadings, the parties briefed the merits of the defendant's alternative motion for summary judgment. The parties also argued the merits or lack thereof at both the initial hearing and the hearing on attorney's fees. The discovery conducted in the case indicated not an iota of evidence to support the plaintiff's claim of religious discrimination.

It is undisputed that Goff was laid off in conjunction with massive layoffs at Texas Instruments in November of 1974. He then filed this suit alleging that he was discharged "on the basis of religious belief and national origin." In response to defendant's Interrogatory No. 3, asking Goff to state in detail the basis of his discrimination

---

**2.** Cf. *Newman v. Piggie Park Enterprises*, 377 F.2d 433, 437 (4th Cir. 1967) (Winter, J., concurring), *modified* 390 U.S. 400, 402 n.5, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968). The Supreme Court in this case imposed the now familiar rule that successful civil rights plaintiffs are normally entitled to the statutory recovery of attorney's fees. The Fourth Circuit had previously remanded the case to the district court to award attorney's fees to the plaintiff to the extent that the "defenses interposed by the plaintiff were presented for purposes of delay and not in good faith." 377 F.2d at 437. Judge Winter, in a concurring opinion, noted that purely subjective good faith is not a sufficient standard to test the legal frivolity of an action—the precise problem presented in the instant case. He noted that the defendants had attacked the 1964 Civil Rights Act on constitutional grounds specifically rejected by *Katzen-*

*bach v. McClung*, 379 U.S. 294, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964) and also on the basis that the Act "contravene[d] the will of God" and interfered with the "free exercise of the Defendant's religion." *Id.*

**3.** *E. g.*, in *Newman v. Piggie Park Enterprises, supra*, a lay defendant would not normally recognize that his defenses were legally frivolous because rejected by a controlling Supreme Court case. Neither Judge Winter nor the Supreme Court (which noted parenthetically that the defendant would be liable for attorney's fees on a purely equitable basis, 390 U.S. at 402 n.5, 88 S.Ct. 964, 19 L.Ed.2d 1263) evidently considered the client's lack of legal sophistication as an important consideration; neither opinion discussed the problem of imputed knowledge at all.

claim, he answered only that he had been laid off by a superior after having been informed by another superior that he would not be laid off. When questioned further about these grounds of discrimination at his deposition, Goff answered that company policy was not followed in his layoff, but he produced no direct evidence of discrimination against him or circumstantial evidence of discrimination against others. He could articulate no other basis for his inference that he had been discriminated against because he was Jewish. Deposition 5–12. When questioned about who had discriminated against him, Goff did not know. Deposition 5–6. He did state that David Shea had actually laid him off, but he could point to no one or more persons who discriminated against him. "It was basically the department that practiced [the discrimination] against me." *Id.* As later questioning made apparent, this "discrimination" consisted solely of alleged irregularities in Goff's layoff. Later in the deposition, Goff was extensively questioned about his various superiors and whether each had discriminated against him. In each case he answered no or that he didn't know. Deposition 59–74.

In sum, all Goff's evidence pertained only to contractual claims that he had been irregularly laid off (that he had not been allowed to exercise seniority rights, that Texas Instruments had failed to transfer some insurance benefits, etc.). Goff's claim of religious discrimination was factually baseless. At the hearing on attorney's fees, plaintiff's counsel argued that one of Goff's supervisors had stated that he didn't want any more "damn Jews" working for him. This evidence, however, is so completely inconsistent with Goff's answers to interrogatories and his deposition that the court cannot give it any credence.

Therefore, Goff's sole evidence of religious discrimination is, first, his assertion of a contract claim and, second, the fact that he is Jewish. Goff had neither evidence to believe he was discriminated against because of his religion nor reason to think he would find such evidence in the course of discovery (which, incidentally, was pursued by the defendant alone). Although Goff did not exhibit actual bad faith in the sense that his suit was maliciously filed, the discrimination claim was factually baseless, unreasonably brought, and unreasonably maintained. The court construes P.L. 94–559 to allow an award of attorney's fees to a defendant under these circumstances.

The court has examined the affidavit of Wayne S. Bishop, the defendant's attorney, regarding attorney's fees and finds $2500 to be a reasonable fee for defending this lawsuit. The court bases this award upon the following time allowances and an hourly rate of $50.00:

| | |
|---|---|
| Preliminary fact investigation, conferences between attorneys and with client. | 10 hours |
| Preparation of answer. | 3 hours |
| Research, supporting brief, and drafting motion for judgment on pleadings. | 17 hours |
| Preparation for oral argument and oral argument on motion for judgment on pleadings. | 5 hours |
| Research, supporting brief and drafting motion for attorney's fees. | 13 hours |
| Oral argument on motion for attorney's fees. | 2 hours |
| Total | 50 hours |

This award by the court falls considerably short of that amount requested by the attorneys and presumably billed to Texas Instruments. The court, however, with the benefit of hindsight, has disallowed any time spent by the defendant's attorneys for discovery since the case was decided on pleading defects which could have been raised by a motion to dismiss.[4] The court has likewise disallowed any expenses neces-

---

4. The court realizes that there is some logical inconsistency in relying on the factual baselessness of Goff's case as one ground for attorney's fees yet not allowing attorney's fees for discovery. Nevertheless, in determining the amount of attorney's fees to be assessed against the plaintiff in this case the court feels it proper to only consider the time that the defendant should have invested in disposing of this case in the most economical manner even though such course of action may not have developed sufficient grounds to support an

sitated by Texas Instruments' retention of attorneys based in Washington, D. C. The defense attorney's manner of litigating the instant case seems reasonable to the court from its reading of Wayne Bishop's affidavit; yet Goff should not have to pay for Texas Instruments' retaining the best and most scrupulous out-of-state counsel that money can buy. The court has, rather, made an award based on the fees that a reasonably prudent local attorney proceeding to dispose of the case by preliminary motion might have charged the defendant.

For the reasons stated in this ORDER, the defendant will be awarded $2500 in attorney's fees. Defendant is instructed to prepare a judgment within 10 days of entry of this ORDER.

award of attorney's fees. In sum, the court is withholding an award of attorney's fees for discovery not because the defendant does not

logically deserve them but for countervailing policy considerations of judicial economy.