Herbert M. **ROBIDEAU**, et al., Plaintiffs,

v.

John P. **O'BRIEN**, Genesee County Sheriff, et al., Defendants.

No. 78–40008.

United States District Court, E. D. Michigan, S. D.

Nov. 6, 1981.

Kirk M. Liebengood, Flint, Mich., for plaintiffs.

Michael M. Hathaway, Detroit, Mich., Ward Chapman, David S. Magee, Flint, Mich., for defendants.

MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

In this case alleging unconstitutional violations occurring in the Genesee County

Jail, the Union representing the guards sought to intervene. Intervention was denied. Plaintiffs now seek attorney's fees with respect to the denial of intervention. The Court shall now decide whether such fees are appropriate.

It is important at the outset to emphasize that the attorney's fees sought by plaintiffs are available pursuant to a statutory grant of authority. The statute is 42 U.S.C. § 1988, and it provides in pertinent part: "in any action to enforce a provision of sections 1981, 1982, 1985 and 1986 of [Title 42], the court in its discretion may allow the prevailing party ... a reasonable attorney fee as part of the costs." It is the task of this court to determine whether the instant claim for attorney's fees is within the scope of section 1988.

In analyzing section 1988, two distinct questions must be answered: (1) does the district court have the power to award attorney's fees and (2) if such power does exist, will the district court in its discretion, decide to award attorney's fees? The first issue is by far the more difficult, and there appears to be a complete absence of reported cases on the question of intervenor attorney's fees under section 1983.

Plaintiffs' attorney employs but one case—the recent Supreme Court decision of *Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980)—in his brief. Actually *Hampton* does little to aid plaintiffs in their quest for attorney's fees. *Hampton* involved appellants who had enjoyed a reversal of a verdict that had been directed against them by the trial court. In denying attorney's fees, the court emphasized that in order to be a "prevailing party" within the letter and spirit of section 1988, a party had to be the beneficiary of an order that resulted in some form of liability determination.

Thus, *Hampton*, contrary to the reasoning of plaintiffs' attorney, is—if anything—a factor cutting against an award of attorney's fees. On the other hand, *Hampton*'s importance should not be overemphasized with respect to the instant issue. *Hampton* was concerned with the two pri-

mary parties to the lawsuit. It would thus seem that it is a mistake to read *Hampton* as a definitive decision establishing that intervenor attorney's fees are improper under Title VII.

This Court believes that the issue as to attorney's fees against an unsuccessful intervenor is still open even after *Hampton*. The Local cites authority restricting the meaning of "prevailing party" under section 1988. *See Unemployed Workers Organizing Committee v. Batterton*, 477 F.Supp. 509 (D.C.Md.,1979); *Nadeau v. Helgemoe*, 581 F.2d 275 (CA 1, 1978); *Chicago Police Officers v. Stover*, 624 F.2d 127 (CA 10, 1980). But these cases do not really advance the *Local*'s position. The cases pertain to various stages within section 1983 litigation involving the primary parties; the intervenor question is never even discussed.

This court is unable to answer the subtle question at hand on the basis of a study of section 1983 decisions. The court is instead forced to examine the legislative history of section 1988. An important source of material is the Senate Committee Report on section 1988. The Report provides in pertinent part: "It is intended that the standard for awarding fees be generally the same *as under the attorney's fee provisions of the 1964 Civil Rights Act.*" (emphasis supplied.)

■ We then can and must look to the Title VII attorney's fees provision—42 U.S.C. § 2000e–5(k)—for guidance. And an examination of the decisions under this provision would appear to resolve the instant issue as they are almost unanimous in holding that a primary party can be awarded attorney's fees from an intervenor. *See e. g., EEOC v. Murphy Motor*, 488 F.Supp. 381 (1980) (D.C.Minn.); *Baker v. City of Detroit*, 504 F.Supp. 841 (1980); *Prate v. Freedman*, 583 F.2d 42 (CA 2, 1978); *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (CA 9, 1974).

A good number of decisions present the scenario of the instant case in that a primary party succeeds in obtaining an order

denying the motion to intervene. An excellent example is *Van Hoomissen* cited above. There, the EEOC attempted to intervene; the employer prevailed on the motion and was awarded attorney's fees. Similarly, in *Prate*, white police officers unsuccessfully sought to intervene in a suit brought by minority group police officers against the Rochester, New York police department. There, the intervenors sought to take the same position as the defendants. The intervenor motion was dismissed and attorney's fees were awarded.

This court believes that the analogy to Title VII establishes that the judiciary has the power to award intervenor attorney's fees. Next, it must be answered whether this Court should award attorney's fees. It must be immediately acknowledged that this Court's "discretion" is really very limited. Several cases enunciate the principle that section 1988 must be liberally construed to permit attorney's fees. *See e. g., Dennis v. Chang*, 611 F.2d 1302 (CA 10, 1980); *Mid-Hudson Legal Services v. G&V*, 578 F.2d 34 (CA 2, 1978); *Johnson v. Summer*, 488 F.Supp. 83 (D.C.Miss.,1980).

Clearly, the hard part of this motion was deciding whether attorney's fees were permissible under section 1988. Once it has been decided that such fees are indeed permissible, it is easy to conclude that fees will be awarded in the instant case.

A final note concerns the fact that this court has not yet ruled on the Local's amicus petition. This court regards the intervenor issue to be distinct from the amicus issue. It is, therefore, entirely appropriate to separate these issues for purposes of attorney's fees.

As plaintiffs' counsel has pointed out, the standard for computing attorney's fees is to multiply the number of hours worked by the attorney's normal billing rate. *See Northcross v. Board of Education*, 611 F.2d 624 (CA 6, 1979). Under this standard, Mr. Liebengood is entitled to an award of attorney's fees and costs in the amount of $786.10, with interest at the rate of 12% from the date of this Opinion and Order.

IT IS SO ORDERED.