**PEOPLE OF ILLINOIS ex rel. WAXMAN et al., Plaintiffs,**

v.

**Fred F. HERZOG et al., Defendants.**

**PEOPLE OF ILLINOIS ex rel. JAFREE, Plaintiffs,**

v.

**Herbert CAPLAN et al., Defendants.**

**No. 78 C 1159.**

United States District Court, N. D. Illinois, E. D.

Aug. 31, 1978.

S. I. Jafree, Chicago, Ill., for plaintiffs.

Herbert L. Caplan, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

In an order dated August 21, 1978, the above-captioned cases were dismissed on defendants' motions. Now before the court is the motion of defendants Scott, Caplan, and Herzog for an award of attorney's fees incurred in their defense. These cases shall remain consolidated for ruling on this motion.

Attorney's fees might be granted against the unsuccessful plaintiffs on one of two theories. First, the general "American Rule" permits an award of attorney's fees to a successful party where his opponent has acted "in bad faith, wantonly, or for oppressive reasons". *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). Secondly, since these were actions brought pursuant to 42 U.S.C. § 1981 *et seq.*, attorney's fees could be awarded defendants on a finding that they were "clearly frivolous, vexatious, or brought for harassment purposes." *Goff v. Texas Instruments, Inc.*, 429 F.Supp. 973 (N.D.Tex.1977). However, in determining whether to award attorney's fees, the court is necessarily vested with discretion. Under the present circumstances, no award of attorney's fees will be made. Plaintiffs' claims, while rejected, were not so meritless as to indicate bad faith or a sole purpose of harassment. This should not be taken, however, as a license for plaintiffs to file frivolous or malicious actions without concern. The court is not unaware of the multitude of abortive actions filed in recent years by plaintiff Jafree against the present defendants, especially Scott. This history of litigation cannot help but reflect on Jafree's good faith and motivations. Against this background his conduct will in the future be judged. At present it will be sufficient to remind plaintiffs that this court absolutely will not tolerate any waste of its time and energy to satisfy the vengeful motives of any litigant. Should a proper case arise, attorney's fees will be granted.

Defendants' motion is denied.