**CALIFORNIA ENERGY RESOURCES CONSERVATION AND DEVELOPMENT COMMISSION, Plaintiff,**

v.

**Peter JOHNSON, Administrator of the Bonneville Power Administration, Defendant.**

**No. 82–7242.**

United States Court of Appeals, Ninth Circuit.

May 13, 1982.

ORDER

Before GOODWIN, SKOPIL, and BOOCHEVER, Circuit Judges.

This matter comes before the court on the complaint of the California Energy Resources Conservation and Development Commission (CEC) seeking review of the decision of the Bonneville Power Adminis-

tration (BPA) hearing officer (ALJ) denying the CEC's petition to intervene as a party in the 1982 Wholesale Power Rate Adjustments proceedings. CEC requests a temporary restraining order and preliminary injunction staying further conduct of those proceedings until CEC is permitted to intervene as a party pending this court's resolution of the issue. The BPA has moved to dismiss CEC's complaint and opposes CEC's motions.

The parties have submitted briefs and presented oral arguments. Because we believe that an expedited decision is important to the conduct of the pending rate proceedings, the court at this time holds, as follows:

■ (1) This court has jurisdiction of this matter for the purpose of determining whether the denial of the motion to intervene, under the circumstances involved in this case, constitutes a final action of the BPA. The Pacific Northwest Electric Power Planning and Conservation Act, Pub. L.No. 96–501, § 9(e)(5), 94 Stat. 2697 (1980) (the Regional Act) provides for review of final actions of the BPA in the court of appeals. The denial of a motion to intervene is appealable where the intervenor claims intervention as a matter of right, as in this case. *Brotherhood of Railroad Trainmen v. Baltimore & Ohio Railroad Co.*, 331 U.S. 519, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947); *Van Hoomissen v. Xerox Corp.*, 497 F.2d 180 (9th Cir. 1974).

■ (2) BPA regulation § 1010.2(f), 47 Fed.Reg. 6240, 6243 (1982), providing in part:

(f) *Party.* A person or entity declaring itself to be a party to a rate adjustment proceeding and who is determined by the Hearing Officer to be either: (1) A party of right; or (2) a party representing a significant and otherwise unrepresented interest. "Parties of right" are those persons having a power sales or transmission contract with BPA which is subject to adjustment as a result of the proceedings . . . .

is valid.

■ (3) The ALJ erred in holding that CEC had no authority under California law

to appear in the BPA proceeding. *See, e.g.,* Cal.Pub.Res.Code §§ 25218(e), 25219.

■ (4) CEC is not a party of right under subsection (1) of § 1010.2(f), 47 Fed. Reg. 6240, 6243.

■ (5) The ALJ has never decided whether CEC has the right to intervene under subsection (2) of § 1010.2(f), 47 Fed. Reg. 6240, 6243, because it represents a significant and otherwise unrepresented interest.

(6) CEC has the burden of establishing that it represents a significant and otherwise unrepresented interest. *Pennsylvania v. Rizzo,* 530 F.2d 501, 505 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976).

(7) This matter must be remanded to the BPA for the purpose of permitting the ALJ to determine whether CEC has a significant and otherwise unrepresented interest.

Based on the above holdings it is hereby ordered, as follows:

(1) BPA's motion to dismiss is denied.

(2) The motion for a temporary restraining order and preliminary injunction is denied as moot for the reason that the ALJ has approved a stipulation permitting CEC to participate as a party pending resolution of its appeal.

(3) CEC shall be permitted to participate in the 1982 Wholesale Power Rate Adjustment proceedings as a party pending the ALJ's decision as to whether CEC represents a significant and otherwise unrepresented interest.

(4) The case is remanded to the BPA for further proceedings in accordance with this order.