Carol WILLETT, on behalf of herself and all others similarly situated

v.

CHESTER WATER AUTHORITY and Peter MacEwen, Individually and as Executive Manager of the Chester Water Authority.

Civ. A. No. 76–72.

United States District Court, E. D. Pennsylvania.

March 31, 1978.

David A. Scholl and Margaret A. Lenzi, Delaware County Legal Assistance Ass'n, Inc., Chester, Pa., for plaintiff.

J. Joseph Herring, Jr., Media, Pa., for defendants.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is the motion of plaintiff Carol Willett ("Willett") for an award of attorney's fees pursuant to the Civil Rights Attorney's Fee Award Act of 1976, P.L. 94–559 (October 19, 1976), *amending* 42 U.S.C. § 1988. For the reasons stated below, we will grant Willett's motion and award her attorney's fees in the amount of $4,420.

■ In the instant action, Willett, on behalf of herself and all others similarly situated, alleged that the policies and practices of defendant Chester Water Authority ("CWA"), in its termination of water service, violated 42 U.S.C. § 1983 and deprived her of the procedural due process rights guaranteed by the Fourteenth Amendment to the United States Constitution. After several conferences with the Court and between counsel, the case was concluded by a Consent Decree in which CWA agreed, *inter alia,* to the implementation of termination and dispute resolution procedures which require advance notice and a hearing prior to termination of water service. Although settled by Consent Decree, Willett successfully obtained the greater portion of the relief sought in her complaint and is, therefore, clearly a prevailing party within the meaning of 42 U.S.C. § 1988.

In support of her motion, Willett has submitted affidavits of her counsel, Margaret A. Lenzi, Esquire ("Lenzi"), and David A. Scholl, Esquire ("Scholl"), attorneys for the Delaware County Legal Assistance Association, Inc., which outline in detail the number of hours, the dates and the type of work performed by each attorney in the preparation of her case. Willett requests that Scholl be compensated in the amount of $75 per hour for a total of 62 hours, and that Lenzi be compensated in the amount of $50 per hour for a total of 44 hours, for a total attorney's fee award of $6,850.

■ CWA does not challenge, nor do we, the issue of Willett's entitlement to an award of attorney's fees pursuant to 42 U.S.C. § 1988. *See Lindy Bros. Builders v. American Radiator and Standard,* 487 F.2d 161 (3d Cir. 1973) (*Lindy I*), and 540 F.2d 102 (3d Cir. 1976) (*Lindy II*); *White v. Beal,* 447 F.Supp. 788, Civil Action No. 75–11 (E.D.Pa., March 10, 1978); *Stanford Daily v. Zurcher,* 64 F.R.D. 680 (N.D.Cal. 1974), *aff'd,* 550 F.2d 464 (9th Cir. 1977), *cert. granted,* 434 U.S. 816, 98 S.Ct. 52, 54 L.Ed.2d 71 (1977). *See also Rodriguez v. Taylor,* 420 F.Supp. 893 (E.D.Pa.1976), *aff'd in part,* 569 F.2d 1231 (3d Cir. 1977). The only issue, therefore, is the determination of a reasonable fee to be awarded under the circumstances of this case. To reach that determination, we must consider the factors outlined in *White v. Beal, supra,* and cases cited therein. These factors are:

1. The actual amount of time devoted to the litigation. The number of hours spent—by whom and in what manner.

2. A determination of a reasonable hourly rate for the time and activities performed.

3. The valuation of the services rendered in terms of the quality of the work performed, the contingent nature of success and the resulting benefits to the individual plaintiffs and class members.

As discussed in *White, supra,* the determination of the first two factors is the most significant, but a discussion of the variables encompassed within the third factor may require additions to or subtractions from those initial determinations.

■ Applying these factors to the facts of the case before us, we find, first, that the number of hours devoted to this case by Lenzi and Scholl, and the type of work performed during that time period, as represented in the affidavits, are a conservative and accurate accounting of the time and work necessary to the successful representation of a case such as Willett's. Second, applying the considerations enunciated in *White, supra,* we find that the hourly rate requested by Willett for Lenzi and Scholl is unreasonable and that a reasonable

hourly rate is $50 per hour for Scholl and $30 per hour for Lenzi. Neither Lenzi nor Scholl submitted affidavits to the Court describing their experience, expertise, number of years at the bar or other information pertinent to a discussion of a reasonable fee. However, the Court, having been involved in federal litigation for six years, and basing its opinion upon personal observation and reliable information, is of the belief that Lenzi and Scholl do not possess that high caliber of expertise which would qualify them for the high rates requested. Comparing Lenzi and Scholl with a scale of attorneys ranging from those considered to have superior knowledge and experience, as well as many years at the bar, to those with limited knowledge and experience at the bar, we find that Lenzi and Scholl, while possessing a high degree of knowledge and experience but presumably few years at the bar, do not compare with those attorneys at the higher end of the scale who would warrant fees of $50 and $75, respectively.

The remaining determination is whether our findings with respect to the first and second factors should be added to or subtracted from as a result of our determination of the factors contained in the third factor. We hold that they should not.

Conclusions with respect to the third factor depend upon an analysis of the interrelationship between the attorney's performance, as based upon the contingent nature of success and the quality of work submitted to the Court, and the resulting benefit to the individual plaintiff and the class members. *White v. Beal, supra,* 447 F.Supp. at 798. In this case, we find that, on balance, the performance of the attorneys and the benefits to the class, while significant, do not require additions to or subtractions from our conclusions above.

First, with respect to attorney performance, we find that, while the quality of work performed was high, the contingent rate of success was low. The quality of the pleadings, preparation and arguments of Lenzi and Scholl during the course of this litigation was of a very high, helpful, com-

petent caliber. Further, Lenzi, who participated during the conference stage of this proceeding, was extremely well prepared with arguments, alternatives, suggestions and draft pleadings. However, while the issues in this case were extremely important, they were primarily questions of law which had previously been resolved by other courts in favor of the plaintiff. *See Dawes v. Philadelphia Gas Comm.*, 421 F.Supp. 806 (E.D.Pa.1976); *Koger v. Guarino*, 412 F.Supp. 1375 (E.D.Pa.1976). Thus, while counsel in this case were extremely competent, the issues involved were neither novel nor complex and, thus, did not require the high quality of performance necessary to a successful resolution of a complex case. In addition, we note that CWA, though always vigilant and protective of its rights, was, as any litigant should be, reasonable, cooperative and conciliatory, within expectable limits, during the resolution of this dispute.

Second, we find that the benefits resulting to Willett and the class were substantial in terms of requested prospective relief. Although no monetary damages were received by Willett or the members of her class, the Court believes this feature of the outcome to be clearly warranted under all the circumstances of this case and that the relief outlined in the Consent Decree will fairly insure the rights of Willett and her class and will have far-reaching, substantial and permanent benefit.

On balance, the analysis of the intertwined criteria of the third factor results in a nullity which does not require the addition to or subtraction from our findings with respect to the first and second factors. In conclusion, therefore, upon consideration of all the factors discussed above, we hold that a reasonable award of attorney's fees in this case is $4,420, or $30 per hour for 44 hours for Lenzi and $50 per hour for 62 hours for Scholl.

An appropriate Order will be entered.