**Alfred C. McMANAMA et al.**

v.

**William L. LUKHARD et al.**

**Civ. A. No. 77–0268(R).**

United States District Court,
W. D. Virginia.

July 13, 1978.

Opinion on Amount of Attorneys'
Fees Dec. 29, 1978.

---

Claude M. Lauck, The Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiffs.

Michael F. Blair, Sp. Asst. Atty. Gen., State Dept. of Welfare, Wilburn C. Dibling, Jr., City Atty., Roanoke, Va., E. Marshall Coleman, Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION AND ORDER

TURK, Chief Judge.

This class action civil rights suit was compromised and settled on April 6, 1978, when the parties entered into a consent order. Plaintiffs, representing a class of persons receiving Aid to Families and Dependent Children (AFDC) facing termination, challenged the legality of Virginia procedures governing adversary hearings held prior to termination of benefits. They sued under 42 U.S.C. § 1983 claiming certain practices

and policies of defendants regarding hearings violated controlling federal regulations and the Fourteenth Amendment. The complaint prayed for attorney's fees and costs pursuant to 42 U.S.C. § 1988. The only issue before the court is whether plaintiffs are entitled to an award of attorney's fees and costs incurred in this litigation.

The case presents five issues: (1) What legal standards govern the exercise of the court's discretion in awarding attorney fees under § 1988? (2) Are plaintiffs, by virtue of settling the suit, "prevailing parties" within the meaning of the statute? (3) If so, are there any factors counseling against an award of attorney's fees to the Legal Aid Society of Roanoke Valley? (4) If the answer to the last two questions is affirmative, is the award of fees and costs barred by the Eleventh Amendment? (5) Finally, if an award is proper, what is the proper amount?

I.

The Civil Rights Attorney's Fees Awards Act of 1976, codified as 42 U.S.C. § 1988, provides in relevant part:

> . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

By its terms, the statute grants the district court discretion in awarding attorney's fees. Although the act prescribes no standard for granting fees, the Supreme Court in construing similar legislation has addressed the issue of discretion in a district court to award fees. In *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1977) the Court considered the attorney's fees section of Title VII of the Civil Rights Act of 1964. That provision, strikingly similar to § 1988, provides:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the

United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k).

Justice Stewart discussed at length the standard controlling a district court's discretion in awarding fees. He wrote:

> In *Newman v. Piggie Park Enterprises*, 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263, the Court considered a substantially identical statute authorizing the award of attorney's fees under Title II of the Civil Rights Act of 1964. *In that case the plaintiffs had prevailed, and the Court of Appeals had held that they should be awarded their attorneys' fees "only to the extent that the respondent's defenses had been advanced 'for purposes of delay and not in good faith.'"* Id., at 401, 88 S.Ct. at 966. *We ruled that this "subjective standard" did not properly effectuate the purposes of the counsel-fee provision of Title II. Relying primarily on the intent of Congress to cast a Title II plaintiff in the role of "a 'private attorney general,' vindicating a policy that Congress considered of the highest priority," we held that a prevailing plaintiff under Title II "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."* Id., at 402, 88 S.Ct. at 966. We noted in passing that if the objective of Congress had been to permit the award of attorneys' fees only against defendants who had acted in bad faith, "no new statutory provision would have been necessary," since even the American common-law rule allows the award of attorney's fees in those exceptional circumstances. *Id.*, at 402, 88 S.Ct. at 966 n.4.
>
> In *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280, the Court made clear that the *Piggie Park* standard of awarding attorney's fees to a successful plaintiff is equally applicable in an action under Title VII of the Civil Rights Act. *Id.*, at 415, 95 S.Ct. 2362. *See also Northcross v. Memphis Board of Education*, 412 U.S. 427, 428, 93 S.Ct. 2201, 37 L.Ed.2d 48. *It can thus be taken as established, as the parties in this case both acknowledge, that under*

§ 706(k) of Title VII a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances.

*Id.* 98 S.Ct. at 697–98 (emphasis added).

■ As *Christiansburg Garment Co.* indicates, the Supreme Court has consistently held the *Newman v. Piggie Park* test governs the award of attorney's fees under modern civil rights statutes. This test applies to the award of fees under § 1988. *See, e. g., Lopez v. Aransas County Independent School District,* 570 F.2d 541 (5th Cir. 1978). Thus, if plaintiffs are "prevailing parties" for purposes of § 1988 they should recover attorney's fees absent exceptional circumstances.

## II.

This controversy was terminated prior to a ruling on the merits by entry of a consent decree. The approved decree incorporated most of the relief sought by plaintiffs' complaint and it appears defendants changed their policies appreciably as a direct result of this litigation. The question before the court is whether settling plaintiffs who nevertheless effect change may be considered "prevailing parties" for purposes of § 1988.

■ The legislative history of the 1976 act makes clear parties may be considered to have prevailed in litigation when they vindicate rights through a consent judgment or without formally obtaining relief. *See* S.Rep. No. 94–1011, 94th Cong.2d Sess. 5 (1976), *reprinted in* [1976] U.S.Code Cong. & Admin.News, pp. 5908, 5912; H.R.Rep. No. 94–1558, 94th Cong.2d Sess. 7, 8 (1976); Derfner, *One Giant Step: The Civil Rights Attorneys Fees Awards Act of 1976,* 21 St. Louis L.J. 441 (1977). A party need not win a full trial on the merits to be said to prevail, but the lawsuit must have resulted in or been the catalyst of a victory for the party or the class he represents. *E. g., Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970). Courts have uniformly followed this Congressional mandate and awarded attorney's fees under § 1988 to plaintiffs who have successfully terminated litigation by settlement prior to

trial. *E. g., Brown v. Culpepper,* 559 F.2d 274, 276–77 (5th Cir. 1977); *Howard v. Phelps,* 443 F.Supp. 374, 376–77 (E.D.La. 1978); *Hartmann v. Gaffney,* 446 F.Supp. 809, 812 (D.Minn.1977); *Mental Patient Civil Liberties Project v. Hospital Staff,* 444 F.Supp. 981, 985–86 (E.D.Pa.1977); *Buckton v. NCAA,* 436 F.Supp. 1258, 1264–65 (D.Mass.1977). The settlement in this action clearly accomplished the goals of the suit, and therefore under controlling precedents plaintiffs are properly deemed "prevailing parties" for the meaning of § 1988. They should be awarded attorney's fees absent exceptional circumstances.

## III.

■ Plaintiffs were represented by counsel employed by the Legal Aid Society of Roanoke Valley, a federally-funded legal services project which renders free legal services to qualifying individuals. The counsel charged plaintiffs no fee for the efforts rendered in this litigation. The issue before the court is whether this fact influences the decision of the court to award fees under § 1988. The history of the 1976 act demonstrates the mere fact that a successful plaintiff is represented by an attorney employed by a legal services organization or by a public interest organization should not influence an award of fees under § 1988. H.R.Rep. No. 94–1558, 94th Cong.2d Sess. 8, n.16 (1976); *Derfner, supra.* In applying the 1976 amendments to § 1988, courts have universally granted attorney's fees to plaintiffs represented by both public interest organizations and legal services projects. *See Mid-Hudson Legal Services, Inc. v. G. & U., Inc.,* 518 F.2d 34 (2d Cir. 1978); *Walston v. School Board,* 566 F.2d 1201 (4th Cir. 1977) (NAACP Legal Defense Fund); *Reynolds v. Abbeyville County School District,* 554 F.2d 638, 644 (4th Cir. 1977) (ACLU); *NAACP v. Bell,* 448 F.Supp. 1164 (D.D.C.1978); *Willett v. Chester Water Authority,* 447 F.Supp. 967 (E.D.Pa.1978) (Legal Services); *White v. Beal,* 447 F.Supp. 788, 795 (E.D.Pa.1978) (Legal Services); *Alsager v. District Court,* 447 F.Supp. 572, 576–78 (S.D.Iowa 1977)

(ACLU); *Card v. Dempsey,* 445 F.Supp. 942, 944–45 (E.D.Mich.1978) (Legal Services); *Howard v. Phelps, supra* (Legal Services); *Lund v. Affleck,* 442 F.Supp. 1109, 1111–12 (D.R.I.1977) (Legal Services). This result under amended § 1988 is consistent with results prior to 1976 in civil rights cases and with present results under other statutes allowing attorney's fees. The rule appears to be firmly established that an attorney employed by legal services or public interest organizations is entitled to statutory fees as any other lawyer. *E. g., Barber v. Kimbrell's Inc.,* 577 F.2d 216 (4th Cir. 1978) (Truth-in-Lending Statute); *Rodriguez v. Taylor,* 569 F.2d 1231, 1245–46 (3rd Cir. 1977) (Age Discrimination Act); *Tillman v. Wheaton-Haven Recreation Assn., Inc.,* 517 F.2d 1141, 1148 (4th Cir. 1975); *Fairley v. Patterson,* 493 F.2d 598, 605–06 (5th Cir. 1974). Measured by these standards, there is no reason to deny an award based upon the fact that plaintiffs were represented by a legal services organization.

### IV.

■ The legislative history of the act is clear that an award of fees under § 1988 is not barred by the Eleventh Amendment. Every Circuit Court of Appeals addressing the issue has held the Eleventh Amendment no barrier to an award of counsel fees. *E. g., Seals v. Quarterly County Court,* 562 F.2d 390, 394 (6th Cir. 1977); *Miller v. Carson,* 563 F.2d 741, 755–56 (5th Cir. 1977); *King v. Greenblatt,* 560 F.2d 1024, 1025 n.2 (1st Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978); *Bond v. Stanton,* 555 F.2d 172, 174–75 (7th Cir. 1977), *cert. denied,* 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978). Supreme Court authority supports the finding that Congress possesses the authority to abrogate the states' Eleventh Amendment immunity by appropriate legislation and that the 1976 act imposes liability upon the states. *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978); *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Thus, defendants possess no Eleventh Amendment shield from the award of attorney's fees in this action.

### V.

■ Plaintiffs are clearly entitled to appropriate attorney's fees and costs and the sole remaining question is what is the correct amount. Plaintiffs' counsel filed affidavits of services rendered and cost bills with the court when the consent order was entered. These documents do not satisfy the standards for determining the amount of a fee. In this circuit the award of attorney's fees is controlled by the factors listed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974). *See Barber v. Kimbrell's supra; Walston v. School Board, supra.* Within a reasonable time not to exceed sixty (60) days, counsel for plaintiff should submit to the court detailed documentation in conformity with the *Johnson* standards and should move for a hearing on the amount of fees. At such hearing, both sides will be allowed to present relevant evidence touching on the proper award of fees and costs.

### ON AMOUNT OF ATTORNEYS' FEES

This is a civil rights class action brought on behalf of persons receiving Aid to Families and Dependent Children facing termination of benefits to challenge the validity of the Virginia procedures governing the pretermination hearings. The action was brought pursuant to 42 U.S.C. § 1983 and the complaint prayed for an award of attorneys fees and costs pursuant to 42 U.S.C. § 1988. On April 6, 1978, the court entered a consent decree in accordance with the stipulated settlement reached by the parties. This decree did not, however, resolve the matter of plaintiffs' entitlement for an award of attorneys fees and costs. In a memorandum opinion entered on July 13, 1978, this court held that plaintiffs are clearly entitled to such an award and ordered the parties to address themselves to the question of the appropriate amount of this award. It is to this final remaining question that the court now turns.

■ To resolve this matter, reference must be made to the criteria articulated in

*Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974), and adopted by the Fourth Circuit Court of Appeals in *Barber v. Kimbrell's Inc.,* 577 F.2d 216 (4th Cir. 1978). These are:

(1) the time and labor expended

(2) the novelty and difficulty of the questions raised

(3) the skill required to perform properly the legal services rendered

(4) the attorney's opportunity costs in pressing the instant litigation

(5) the customary fee for like work

(6) the attorneys expectations at the outset of the litigation

(7) the time limitations imposed by the client or the circumstances

(8) the amount in controversy and the results obtained

(9) the experience, reputation, and ability of the attorney

(10) the undesirability of the case within the legal community in which the suit arose

(11) the nature and length of the professional relationship between attorney and client

(12) attorneys' fees awards in similar cases

Plaintiffs were ably represented in this case by two attorneys, Claude M. Lauck and Richard Foster, of the Legal Aid Society of the Roanoke Valley. Neither attorney maintained accurate records of the time devoted to this case and their affidavits of time spent on the various facets of the case were based upon estimates. By their affidavits, Lauck estimated that he spent twenty-six hours on this case from its commencement until settlement and Foster asserts that he spent fourteen hours during the same time period. Lauck also estimates that the litigation concerning the award of attorneys fees has consumed an additional fourteen hours. These time estimates cannot be deemed conclusive, however, since they include time which was also attributable to another suit. In *Sprouse v. Luckhard,* No. 77–0188(R), Lauck and others represented the plaintiffs in a challenge to a different aspect of the Virginia Aid to Dependent Children Program. The same jurisdictional challenge was raised in both actions and was argued to the court at the same hearing. In fairness, only half of the time attributed to the preparation for that hearing may be taxed to the defendants in this action. Mr. Lauck has practiced law with the Legal Aid Society since June, 1974, and has participated in numerous civil rights actions. Foster has been in practice for two years. Affidavits have been submitted which suggest to the court that the prevailing rates for attorneys of like experience, reputation, and ability would be $50.00 per hour for Lauck and $40.00 per hour for Foster for the time they actually spent in court. The court is of the opinion that a lower rate must be applied to the hours spent on research, drafting and other preparation. Moreover, as a legal aid society charged with the obligation to take some of the work which other attorneys might find unattractive, the attorneys may accept such cases without the risk of diminishing their reputation with the community. While this case could be described as novel in certain respects, it was not unique and presented primarily legal questions of moderate difficulty and complexity. At the same time, however, it cannot be gainsaid that the advantages obtained by the settlement inured to the benefit of a considerable number of persons by virtue of its status as a class action. Accordingly, after giving careful consideration to all the various arguments advanced by counsel in this case, and after a deliberate review of the factors articulated by the court in *Barber v. Kimbrell's, supra,* the court is of the opinion that a reasonable and fair award of attorneys fees would be $1250, $250.00 of which should be borne by Defendant Richie and the remainder paid by Defendant Lukhard. The taxable costs should also be assessed against Defendant Lukhard.