Rev. E. Z. CHARLES; Brinda Richard; Rev. I. J. Crawford; Pete Sims, Jr. and Beverly Dawson, Appellees,

v.

Herbert COLEMAN and Albert Porter, individually and in their official capacities as agents of the Opportunities Industrialization Center, Inc., Appellants.

Sharon Robinette, individually and in her official capacity as Director of the Division of Employment Development for the State of Arkansas.

Rev. E. Z. CHARLES; Brinda Richard; Rev. I. J. Crawford; Pete Sims, Jr. and Beverly Dawson, Appellants,

v.

Herbert COLEMAN and Albert Porter, individually and in their official capacities as agents of the Opportunities Industrialization Center, Inc., Sharon Robinette, individually and in her official capacity as Director of the Division of Employment Development for the State of Arkansas, Appellees.

Nos. 82–1518, 82–1537.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 29, 1982.

Decided Oct. 5, 1982.

James E. Smedley, Little Rock, Ark., for appellants-cross-appellees.

P. S. Hollingsworth, Sr., Ron Heller, Kaplan, Hollingsworth & Brewer, P. A., Little Rock, Ark., for appellees-cross-appellants.

Mary B. Stallcup, Asst. Atty. Gen., Gary Williams, Employment Sec. Div., Little Rock, Ark., for separate appellee Robinette.

Before HEANEY, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

PER CURIAM.

The sole dispute in this case concerns the propriety of the district court's award of attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. Because we cannot say the court abused its discretion in making the challenged award, we affirm.

I

The litigation which underlies this appeal and cross-appeal, initiated in April of 1981, challenged an administrative decision to transfer funds granted under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801 *et seq.*, then being utilized to operate a training facility in Union County, Arkansas. Plaintiffs, facility trainees and Union County taxpayers, alleged in essence that the transfer of funds was arbitrary and capricious, and therefore violative of their fifth and fourteenth amendment rights; relief was allegedly authorized by 42 U.S.C. § 1983. Specifically, plaintiffs sought preliminary and permanent injunctive relief prohibiting the transfer of funds and the removal of training equipment.

Two directors of the Opportunities Industrialization Center (OIC), the agency which operated the Union County training center, were originally named as defendants in the lawsuit.[1] The complaint was subsequently amended to add the director of the Arkansas Division of Employment Development (DED), the state agency which serves as the "prime sponsor" of CETA funds in Arkansas, as an additional defendant.[2]

The district court granted plaintiffs' request for preliminary injunctive relief, and shortly thereafter held a hearing on the action. After one day of testimony, the parties executed a consent decree, approved by the district court, which resolved all issues with the exception of attorney's fees and costs. In brief, the decree relieved OIC of responsibility for the operation of the Union County training facility, but specified that DED would provide plaintiff-students an opportunity to complete their training at another facility in the county.

Plaintiffs' counsel subsequently filed an application for attorney's fees and costs. On February 4, 1982 the district court entered an order awarding fees and costs in the amount of $6,418.80, to be paid by both OIC and DED. An amended order was later filed, however, which specified that the award was to be paid solely by OIC.

On this appeal, plaintiffs contend the district court erred in limiting responsibility for the fees award to OIC. In its cross-ap-

---

1. Hereinafter referred to as "OIC."

2. Hereinafter referred to as "DED."

776

peal, OIC argues that plaintiffs were not "prevailing parties" within the meaning of section 1988, and therefore are not entitled to an award of fees under that provision; OIC also asserts that if an award is justified in this case, DED alone should be held responsible for payment.[3]

## II

We initially consider the argument, urged by both OIC and DED, that the district court erred in determining that the plaintiffs were "prevailing parties."

■ Section 1988, as amended by the Civil Rights Attorney's Fees Award Act of 1976, provides in pertinent part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

Thus, the statute grants the court discretionary authority to award fees to the prevailing party in civil rights actions. In addition to cases in which relief is secured through a favorable final judgment, a party may in some circumstances be considered to have "prevailed" when rights are vindicated through a consent judgment or without formally obtaining relief. *E.g., Maher v. Gagne,* 448 U.S. 122, 129, 100 S.Ct. 2570, 2574–75, 65 L.Ed.2d 653 (1980). We have previously observed that the substance of the litigation's outcome may be indicative of whether a plaintiff may be considered a "prevailing party." *Reel v. Arkansas Department of Correction,* 672 F.2d 693, 697 (8th Cir. 1982). "A plaintiff has substantially prevailed if significant results are achieved by initiating suit." *Id.*

■ In the instant case, three major objections are raised concerning the district court's determination that plaintiffs were "prevailing parties." Initially, DED argues that because plaintiffs never actually demonstrated that the challenged administrative action violated their civil rights, the

purposes underlying the statute would not be served by awarding them fees. We cannot agree. "Nothing in the language of § 1988 conditions the District Court's power to award fees on full litigation of the issues *or on a judicial determination that the plaintiff's rights have been violated." Maher,* 448 U.S. at 129, 100 S.Ct. at 2575 (emphasis supplied).

■ We also reject OIC's contention that plaintiffs did not prevail in that the relief afforded in the consent decree—continuation of training at another facility in the county—would have been provided by DED regardless of this litigation. The record does not clearly indicate that these training opportunities would have been afforded both gratuitously and in timely fashion. Although the causal relationship between the litigation and the offer of continued training could perhaps have been more conclusively established, absent some record evidence demonstrating more affirmatively that plaintiffs' action had no connection with the relief secured in the consent decree, we decline to disturb the district court's determination that plaintiffs prevailed.

■ In its remaining objection, OIC urges that because they did not secure the continued operation of the Union County training facility, plaintiffs did not essentially obtain the relief they sought and therefore cannot be said to have prevailed. We do not agree that plaintiffs' objective in initiating suit should be so narrowly characterized. The record may fairly be read to support plaintiffs' contention that the relief they sought was to retain funding and training opportunities in the county, and that the consent decree substantially afforded this relief.

In short, we are satisfied that plaintiffs achieved "significant results" through the initiation of this litigation. *See Reel,* 672 F.2d at 697. And we are unwilling to say the district court erred in determining they were "prevailing parties."

**3.** The parties do not contest the amount of the award.

## III

We next consider the propriety of the district court's amended order limiting responsibility for the fees award solely to OIC. As noted, this aspect of the award is challenged by both plaintiffs and OIC; plaintiffs contend both defendants should bear responsibility for the fees and costs, while OIC urges that the award should have been directed solely against DED.

In its amended order, the district court stated:

> [DED] had little or no involvement with the facts that made up the initial basis of the complaint. [OIC] made the decision to transfer the funds allocated for the Union County OIC. This decision was made solely by [OIC].

The court then determined that the award should be paid by OIC, and that DED would be relieved of responsibility for payment. After a careful review, we find that the district court's determination is supported by the record in this case.

## IV

From what has been said, it follows that the judgment awarding attorney's fees and costs should be, and it is, affirmed.