Brenda WYMAN and Laureli Woodard

v.

## INHABITANTS OF the TOWN OF SKOWHEGAN et al.

Supreme Judicial Court of Maine.

Argued June 8, 1983.

Decided Aug. 10, 1983.

Kim M. Vandermeulen (orally), Downeast Law Offices, Lynn Dondis, Everett B. Carson, Pine Tree Legal Assistance, Augusta, for plaintiffs.

Mitchell & Stearns, Andrew M. Mead (orally), Old Town, for defendants.

Robert Edmond Mittel, Portland, James E. Tierney, Atty. Gen., Rufus E. Brown, Deputy Atty. Gen., Susan P. Herman, Asst. Atty. Gen., Augusta, amici curiae.

Before McKUSICK, C.J., and GODFREY, NICHOLS, ROBERTS and VIOLETTE, JJ.

GODFREY, Justice.

The plaintiffs Brenda Wyman and Laureli Woodard appeal from a judgment of the Superior Court, Somerset County, denying an award of attorney fees under 42 U.S.C. § 1988, the Civil Rights Attorney's Fees Award Act.

They applied for general assistance for fuel oil from the Town of Skowhegan on November 6, 1981, three days after they had moved into the town. The town denied their application but did not provide written notice of the decision until November 10, 1981.

On November 10, 1981, the plaintiffs presented a complaint and a motion for a temporary restraining order to a Superior Court justice in Lewiston. The record contains no indication, however, that the justice permitted the papers to be filed with him pursuant to M.R.Civ.P. 5(e). The complaint sought a permanent injunction and damages from the town, Curtis Lunt, the town manager and administrator of Skowhegan's general assistance program, and Barbara Moody, administrative assistant to Lunt. The complaint alleged that: (1) the defendants violated the plaintiffs' rights under 22 M.R.S.A. §§ 4450 *et seq.*, 42 U.S.C. § 1983, and the fourteenth amendment of the United States Constitution, by failing to provide a written decision within

24 hours; (2) the denial of assistance based on a 30-day residency requirement violated the plaintiffs' right to travel and to equal protection; and (3) Ms. Moody's inquiry about the plaintiffs' food stamp assistance for the purpose of reducing general assistance they would otherwise have received violated their rights under 7 U.S.C. § 2019(d). The Superior Court justice granted the temporary restraining order that evening, requiring the town to provide three days' fuel assistance.

On November 12, 1981, the town conducted a "fair hearing." In its written notice of the hearing decision, the town deemed it "relevant" that the plaintiffs had lived in Skowhegan only three days when they requested assistance. Nevertheless, the town agreed to "abide by" the Superior Court's order and to "issue orders for oil only for [the] month of November." Not until November 13, 1981, were the complaint and other papers filed with the clerk of the Superior Court in Somerset County.

On December 3, 1981, the plaintiffs filed an amended complaint, adding a fourth count to the effect that the town, by requesting information on the plaintiffs' past needs rather than their present needs, violated the plaintiffs' rights under 22 M.R.S.A. §§ 4450(2), 4497, and 42 U.S.C. § 1983.

On August 20, 1982, while the suit was pending, the parties entered into a consent decree which provided in part as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Defendant Town of Skowhegan shall:

1. Provide any applicant for benefits under 22 M.R.S.A. §§ 4450 et seq. with a written decision of the action taken on such application within twenty-four (24) hours after such application is duly received.

2. Not deny assistance to any applicant for benefits under 22 M.R.S.A. §§ 4450 et seq. based upon the length of time that he or she has resided in Skowhegan if he or she is not a resident of any other municipality.

3. Not use the fact of any applicant's receipt of food stamps to reduce or deny the granting of general assistance.

4. Consider only the applicant's actual need during the period of time for which assistance is requested in determining the applicant's eligibility for general assistance.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant Town of Skowhegan shall cease and desist any practices which it may have utilized in the past which are in violation of the foregoing order.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant Town of Skowhegan shall publish this CONSENT DECREE, absent the names of the Plaintiffs, in a newspaper of general circulation in the Skowhegan area once a week for four (4) consecutive weeks and post it in the town office in which general assistance applications are taken for a period of one (1) year. Also, the Defendant Town of Skowhegan will post a conspicuous notice in the town office along with a copy of the Consent Decree. A copy of said notice is annexed hereto for further reference.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant Town of Skowhegan shall pay to each of the Plaintiffs the amount of One Hundred Dollars ($100.00) in damages.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Consent Decree shall constitute final judgment on all but Plaintiffs' claim for attorneys' fees. If the parties are unable to reach an agreement on this issue, Plaintiffs are granted leave to file a motion for Attorneys' Fees within thirty days from the date of this order.

On September 17, 1982, the plaintiffs moved for reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 after the parties were unable to reach agreement on that issue. The Superior Court, Somerset Coun-

ty, initially granted fees,[1] but then on its own motion vacated the original order, ordered a rehearing, and then denied fees.

We vacate the judgment.

■ 42 U.S.C. § 1988 ("§ 1988")[2] permits a court to award attorneys' fees to a "prevailing party" in an action under certain civil rights laws, including 42 U.S.C. § 1983 ("§ 1983").[3] The legislative history of section 1988 makes clear that "for purposes of the award of counsel fees, parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." S.Rep. No. 1011, 94th Cong., 2d Sess. 5 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912. The Superior Court denied fees because the consent decree contained no admission by the defendants that they had violated the plaintiffs' rights under section 1983. That holding incorrectly expresses the standard for determining the prevailing party in a case resolved by a consent decree. Consent decrees customarily do not purport to adjudicate the underlying claims in a civil rights lawsuit. *Maher v. Gagne,* 448 U.S. 122, 126 n. 8, 100 S.Ct. 2570, 2573 n. 8, 65 L.Ed.2d 653 (1980). An opponent's concession that the challenged conduct violated the plaintiff's rights under section 1983 is not essential to identifying the prevailing party. *Williams v. Leatherbury,* 672 F.2d 549, 550 (5th Cir.1982); *Chi-*

*cano Police Officer's Association v. Stover,* 624 F.2d 127, 130–31 (10th Cir.1980); *see, e.g., Maher,* 448 U.S. at 129–30, 100 S.Ct. at 2574–75; *Charles v. Coleman,* 689 F.2d 774 (8th Cir.1982); *Harrington v. DeVito,* 656 F.2d 264 (7th Cir.1981), *cert. denied,* 455 U.S. 993, 102 S.Ct. 1621, 71 L.Ed.2d 854 (1982); *Nadeau v. Helgemoe,* 581 F.2d 275 (1st Cir.1978).

Instead, the correct standard for determining the prevailing party in a consent decree case is that announced by the First Circuit in *Nadeau:* first, the consent decree must bring about improvement in the plaintiff's position; second, the plaintiff's suit and his attorney's efforts must be "a necessary and important factor in achieving the improvements"; and third, the improvements must be legally compelled. 581 F.2d at 279–81; *accord Johnston v. Jago,* 691 F.2d 283, 286 (6th Cir.1982); *Harrington,* 656 F.2d at 266–67; *see Robinson v. Kimbrough,* 652 F.2d 458 (5th Cir.1981) (prevailing party in moot case); *United Handicapped Federation v. Andre,* 622 F.2d 342 (8th Cir.1980) (applying the *Nadeau* test to a request for fees under the Rehabilitation Act of 1973, 29 U.S.C. § 794a(b)); *Brown v. Gillette Co.,* 536 F.Supp. 113 (D.Mass.1982) (attorney's fees provision of Civil Rights Act of 1964); Note, *Civil Rights Attorney's Fees Awards in Moot Cases,* 49 U.Chi.L. Rev. 819, 830–31 (1982).[4]

---

1. The court's initial grant of fees was in the amount of $1,200 rather than the $3,319 billed by the attorneys.

2. Section 1988 states in pertinent part:
   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
   42 U.S.C. § 1988 (Supp. IV 1980).

3. Section 1983 states in pertinent part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
42 U.S.C. § 1983 (Supp. IV 1980).

4. The Fourth Circuit has adopted a different standard, which, like the First Circuit's, focuses on the factual question whether the lawsuit caused a change favorable to the plaintiff, but differs in that it apparently does not require the benefit to have some basis in law. *Bonnes v. Long,* 651 F.2d 214 (4th Cir.1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); *see Long v. Bonnes,* 455 U.S. at 961–67, 102 S.Ct. at 1476–79 (Rehnquist, J., dissenting from denial of certiorari). We agree with the Sixth Circuit in *Johnston* that the *Nadeau* standard rather than the *Bonnes* standard "strikes the proper balance between rewarding the fil-

■ A plaintiff need not prevail on all issues if a significant one is resolved so as to achieve some of the benefit sought through the litigation. *Bonnes v. Long,* 651 F.2d 214, 218 (4th Cir.1981), *cert. denied,* 455 U.S. 961, 102 S.Ct. 1476, 71 L.Ed.2d 681 (1982); *Nadeau,* 581 F.2d at 278–79. Ms. Wyman's and Ms. Woodard's success on the issue of the residency requirement alone makes them prevailing parties. First, the temporary restraining order and the consent decree improved their positions. The order provided them the emergency oil assistance, and the decree cemented in that temporary relief, barring the town from denying general assistance to any applicant based on length of residency. *See DeMier v. Gondles,* 676 F.2d 92, 93 (4th Cir.1982); *Brown,* 536 F.Supp. at 119; *Massachusetts Fair Share v. O'Keefe,* 476 F.Supp. 294, 298 (D.Mass.1979); *McManama v. Lukhard,* 464 F.Supp. 38, 41 (W.D.Va.1978), *aff'd* 616 F.2d 727 (4th Cir.1980).

This case also satisfies the second *Nadeau* requirement: the lawsuit was a material factor in improving the plaintiffs' position; that is, the lawsuit acted as a "catalyst" in prompting the defendants to take action to meet the plaintiffs' claims. *DeMier,* 676 F.2d at 93; *Robinson,* 652 F.2d at 465; *Nadeau,* 581 F.2d at 279. The defendants contend that (1) the suit was superfluous because the plaintiffs had already received their November allocation of fuel oil by the time they filed suit, and (2) the plaintiffs have failed to establish a causal link between their lawsuit and the benefits they received from the consent decree. Neither contention has merit.

The town granted the plaintiffs oil assistance on November 12, 1981, one day before the complaint was filed with the clerk of the Superior Court, but two days after the plaintiffs delivered the complaint to the justice who granted the temporary restraining order. We need not decide whether, as the defendants assert, the complaint was not "filed" until November 13, rather than on November 10. The relevant inquiry in determining the prevailing party is whether bringing of the complaint and motion for temporary restraining order was responsible for the town's granting of oil assistance, not whether the filing of the complaint was formally complete at the time of the assistance.

As for the defendants' second point, the First Circuit's comment in *Nadeau* is appropriate:

[W]e consider the chronological sequence of events to be an important, although clearly not definitive factor, in determining whether or not defendant can be reasonably inferred to have guided his actions in response to plaintiff's lawsuit. This is particularly true where the evidence relevant to the causes of defendant's behavior is under defendant's control and not easily available to plaintiff.

581 F.2d at 281. *Accord Harrington,* 656 F.2d at 267; *Morrison v. Ayoob,* 627 F.2d 669, 672 (3d Cir.1980), *cert. denied,* 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981); *cf. COYOTE v. Roberts,* 523 F.Supp. 352 (D.R.I.1981) (specific evidence that defendants did not act in response to plaintiffs' lawsuit rebutted inference created by chronological sequence of events). In the present case, the defendants granted oil assistance and agreed to the stipulations of the consent decree only after the plaintiffs initiated litigation and obtained the temporary restraining order. Moreover, the notice of the fair hearing suggests that but for the court order the town would have continued to deny assistance based on its residency requirement.

The third *Nadeau* requirement—that the defendants' concessions be required by civil rights law—ensures that the defendants did not act gratuitously in benefiting the plaintiffs. It also ensures that the relief came to the plaintiffs not just as litigants, but as civil rights litigants. Note, *Civil Rights Attorney's Fees Awards in Moot Cases, supra,* at 831. This does not mean the trial

---

ing of wholly frivolous lawsuits on the one extreme and, on the other extreme, withholding

fees unless the plaintiff's claim is fully evaluated on the merits." 691 F.2d at 286.

court, in identifying the prevailing party, must engage in the very trial on the merits that the consent decree attempted to avoid. Instead, the inquiry is whether the plaintiffs' claims were "frivolous, unreasonable, or groundless." *Harrington,* 656 F.2d at 266–67; *Nadeau,* 581 F.2d at 281; *Brewster v. Dukakis,* 544 F.Supp. 1069, 1075 (D.Mass. 1982); *Brown,* 536 F.Supp. at 118. The complaint alleged that the town's thirty-day residency requirement for general assistance violated the plaintiffs' constitutional rights to travel and to equal protection.[5] The decisions in *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), and *King v. New Rochelle Municipal Housing Authority,* 442 F.2d 646 (2d Cir.), *cert. denied,* 404 U.S. 863, 92 S.Ct. 113, 30 L.Ed.2d 107 (1971), offer general support, at least, for the plaintiffs' position. We cannot say that their claim was frivolous, unreasonable, or groundless.

The plaintiffs' success on the residency issue brings them across the statutory threshold of being prevailing parties. As prevailing plaintiffs, they "should ordinarily recover an attorney's fee unless special circumstances would render an award unjust." *Hensley v. Eckerhart,* —— U.S. ——, ——, 103 S.Ct. 1933, 1937, 76 L.Ed.2d 40 (U.S. 1983); *see New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 63, 68, 100 S.Ct. 2024, 2030, 2033, 64 L.Ed.2d 723 (1980) (attorney's fees provision of Civil Rights Act of 1964); *Thiboutot v. State,* 405 A.2d 230, 240 (Me. 1979), *aff'd,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); S.Rep. No. 1011, *supra,* at 4, *reprinted in* 1976 U.S.Code Cong. & Ad.News 5908, 5912. The defendants point to no special circumstances to justify denial of fees. Accordingly, the Superior Court on remand must determine the proper amount of the fee award, taking into account any pertinent factors discussed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

In particular, the trial justice should consider the eighth factor in *Johnson*—"the amount involved and the results obtained." *Id.* at 718. For each of the plaintiffs' claims (in addition to the residency claim), the defendants contend either that the claim is not cognizable under section 1983 or that the claim alleges official conduct that did not in fact occur. The defendants' arguments, whatever their merits, cannot undo the plaintiffs' status as prevailing parties on the basis of the residency claim. Instead, however, those arguments may bear on the amount of fees the plaintiffs should receive. The eighth *Johnson* factor indicates that the level of a plaintiff's success is relevant to the amount of fees to be awarded. *Hensley,* —— U.S. at ——, 103 S.Ct. at 1938. The defendants' arguments are, in essence, that the plaintiffs' claims, apart from the residency claim, failed to meet either the first *Nadeau* requirement— that the lawsuit improve the plaintiffs' position—or the third *Nadeau* requirement— that the claims be more than "frivolous, unreasonable, or groundless." In the context of a consent decree, claims that fail to meet the *Nadeau* requirements are unsuccessful. Thus, the trial court should sort out the plaintiffs' successful and unsuccessful claims, taking additional evidence if necessary.

If the court determines that the plaintiffs have only partially prevailed, it must then decide whether they may recover an attorney's fee for legal services on the unsuccessful claims. We see no reason that the following general guidelines laid down by the Supreme Court in *Hensley,* a litigated case, should not apply to a case settled by a consent decree:

> In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants—often an institution and its officers, as in this case

---

**5.** The defendants concede that a thirty-day residency requirement would violate the applicable

Maine statute.

—counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.' .... The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

... In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.... Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith.

—— U.S. at ——, 103 S.Ct. at 1940–41 (citations omitted).

Because of the possibility that review by this Court of the trial court's ultimate decision may become necessary, the record should reflect the considerations on which the trial justice bases his or her decision. In addition, the trial court should award the plaintiffs reasonable costs and attorneys' fees incurred in prosecuting this appeal. *Coalition for Basic Human Needs v. King,* 691 F.2d 597, 603 (1st Cir.1982); *Iranian Students Association v. Edwards,* 604 F.2d 352, 354 (5th Cir.1979).

The entry is:

Judgment vacated insofar as it relates to denial of attorneys' fees as part of costs.

Remanded for further proceedings consistent with this opinion.

All concurring.