Jasper **WYMAN**

v.

**SECRETARY OF STATE.**

Supreme Judicial Court of Maine.

Argued March 16, 1993.
Decided May 21, 1993.

Samuel W. Lanham, Jr. (orally), Cuddy & Lanham, Bangor, for plaintiff.

Michael E. Carpenter, Atty. Gen., Cabanne Howard (orally), Deputy Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

By his appeal from the judgment of the Superior Court (Kennebec County, *Chandler, J.*) the Secretary of State challenges the court's determination that he violated the first amendment of the federal constitution [1] and 42 U.S.C.A. § 1983 (1981) [2] by refusing to furnish the plaintiff, Jasper Wyman, with petition forms to enable Wyman to invoke the voter initiative process authorized by 21-A M.R.S.A. §§ 901–906 (1993), and the subsequent award of attorney fees to Wyman pursuant to 42 U.S.C.A. § 1988 (1981). [3] We affirm the judgment.

On July 29, 1991, Jasper Wyman delivered a draft citizen initiative petition to the Secretary for his review and approval. The subject of the proposed initiative was a requirement that the Legislature obtain voter approval for any legislation affording protection from discrimination to homosexuals. By letter dated August 5, 1991, the Secretary informed Wyman that he was disapproving circulation to the voters of the petition form as presented because the initiative if enacted would, in his opinion and that of the Attorney General, be unconstitutional. On August 22, 1991, Wyman filed an application, pursuant to 21-A M.R.S.A. § 901, [4] to invoke the citizen initiative provisions of the Maine Constitution, art. IV, pt. 3, § 18, [5] and requested the Secretary to furnish petition forms to enable Wyman to collect the necessary signatures to have the question proposed to the Legislature. When Wyman did not receive the petitions, he filed a complaint, pursuant to M.R.Civ.P. 80C, seeking a review of the Secretary's action and alleging a violation of his civil rights pursuant to 42 U.S.C.A. § 1983.

Ten organizations and eight individuals filed applications to intervene in the pending action in support of the Secretary's decision to disallow the petition on the basis that the question proposed is unconstitutional. Wyman opposed their intervention on the ground that the issue before the court should be confined to whether the Secretary had the authority to deny the petition based on its content prior to its circulation for signature, and therefore, the intervenors' arguments on the merits were premature. After a hearing, the court granted the applications of the intervenors. *See* M.R.Civ.P. 24.

Following a subsequent hearing, the court determined that the Secretary's denial of the petition forms was not authorized by the statute governing the initiative pro-

1. U.S. Const. amend. I provides in part:
   Congress shall make no law ... abridging the freedom of speech ... or the right of the people to peaceably assemble, and to petition the Government for a redress of grievances.

2. 42 U.S.C.A. § 1983 (1981) provides in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

3. 42 U.S.C.A. § 1988 (1981) provides in part:
   In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this Title ... the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

4. 21-A M.R.S.A. § 901 (1993) provides in part:

   On a voter's written application, signed in the office of the Secretary of State on a form designed by the Secretary of State, the Secretary of State shall furnish enough petition forms to enable the voter to invoke the initiative procedure ... provided in the Constitution of Maine, Article IV, Part Third.

5. Me. Const. art. IV, pt. 3, § 18 provides in part:

   1. The electors may propose to the Legislature for its consideration any bill, resolve or resolution, ... but not an amendment of the State Constitution, by written petition addressed to the Legislature or to either branch thereof and filed in the office of the Secretary of State....

   2. The measure thus proposed, unless enacted without change by the Legislature at the session at which it is presented, shall be submitted to the electors together with any amended form, substitute, or recommendation of the Legislature, and in such manner that the people can choose between the competing measures or reject both.

**310**

cess and ordered the Secretary to provide the petitions. The Secretary does not challenge this determination arising from the court's review of Wyman's claim pursuant to M.R.Civ.P. 80C. On Wyman's separate claim, the court determined that the Secretary's refusal had effected a deprivation of Wyman's first amendment rights of free speech and awarded Wyman $36,281.32 for his attorney fees, and the Secretary appeals.

### I. *Constitutional Violation*

■ Because there are no contested issues of fact, we review the decision of the court on Wyman's separate claim alleging a violation of his civil rights, pursuant to section 1983, for errors of law. *Currier v. Cyr*, 570 A.2d 1205, 1208 (Me.1990); M.R.Civ.P. 56. To establish a claim cognizable under section 1983, the claimant must show a deprivation of a right secured by federal law, statutory or constitutional, and that the deprivation was achieved under color of state law. *Paul v. Davis*, 424 U.S. 693, 696–97, 96 S.Ct. 1155, 1158, 47 L.Ed.2d 405 (1976).

The initiative process is authorized by the Maine Constitution and regulated by statute. Me. Const. art. IV, Pt. 3, § 18; 21–A M.R.S.A. §§ 901–906. Electors of the state who are qualified to vote for the Governor may propose an issue, except an amendment to the constitution, to the Legislature for its consideration. Me. Const. art. IV, Pt. 3, § 18(1). Should the Legislature fail to enact the measure without change, the issue must be submitted to the electorate. *Id.* § 18(2). On written application by a voter, the Secretary "shall furnish enough petition forms to enable the voter to invoke the initiative procedure...." 21–A M.R.S.A. § 901. The forms must be supplied by the Secretary within 10 days of the request. *Id.* § 901(2). A voter may furnish his or her own form as long as it is pre-approved by the Secretary. *Id.* § 901(3). After signatures are

gathered and the petitions are filed, the Secretary reviews the petitions to determine their validity and must issue a written decision within 25 days of the filing deadline. *Id.* § 905(1). "In reviewing the decision of the Secretary of State, the court shall determine whether the description of the subject matter is understandable to a reasonable voter ... and will not mislead...." *Id.* § 905(2).

The Secretary contends that by denying the petition prior to its circulation for signature he is merely advancing the substantive review that he believes is authorized after the signed petitions are submitted,[6] and accordingly, he has not interfered with Wyman's constitutional rights. We disagree.

■ Initially, we note that Wyman's suit for injunctive relief is against the Secretary in his official capacity as an executive officer of the state. *See Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114 (1985) (distinguishing personal capacity from official capacity claims). Although claims for damages against states or state officials acting in their official capacity are not authorized by section 1983, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989) (states are not 'persons' for purposes of section 1983), claims for injunctive and ancillary relief pursuant to section 1983 and section 1988 may be maintained against state officials acting in their official capacity. *Id.* at 71 n. 10, 109 S.Ct. at 2311 n. 10; *Lett v. Magnant*, 965 F.2d 251, 255 (7th Cir.1992); *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1519 n. 1 (10th Cir.1992). *See also Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991) (only injunctive relief available in official capacity suit). Accordingly, if the Secretary's conduct violated a federal constitutional right, it may provide the basis for an action claiming a violation of section 1983.[7] *See Ritchie v.*

---

6. The scope of the Secretary's review of the petitions after they have been circulated for signature is not before us.

7. Because this action was brought by Wyman against the Secretary in his official capacity, not

against the Secretary personally, issues of qualified immunity are not implicated in this case. *Hafer v. Melo*, 502 U.S. ——, ——, 112 S.Ct. 358, 361, 116 L.Ed.2d 301, 309 (1991) ("a suit against a state official in [his] official capacity ...

*Donnelly,* 324 Md. 344, 597 A.2d 432, 441 (1991) (official capacity suits proper where government law, policy or custom contributed to the deprivation of federal rights).

■ The initiative petition process involves political discourse that is protected by the first amendment of the federal constitution. *Meyer v. Grant,* 486 U.S. 414, 421, 108 S.Ct. 1886, 1891, 100 L.Ed.2d 425 (1988). "The circulation of an initiative petition of necessity involves both the expression of a desire for political change and a discussion of the merits of the proposed change.... Thus the circulation of a petition involves the type of interactive communication concerning political change that is appropriately described as 'core political speech.'" *Id.* at 421–22, 108 S.Ct. at 1891–92. Although the right to invoke an initiative is a state-created right, it does not follow that the state is free to impose limitations on that right without satisfying the dictates of the first amendment. *Id.* at 425, 108 S.Ct. at 1893–94. Restrictions on the right to undertake an initiative are subject to exacting scrutiny, must be justified by a compelling state interest and be narrowly tailored to serve that interest. *Id.* at 420, 425, 108 S.Ct. at 1891, 1893–94.

The pre-circulation regulation of the form of an initiative petition, pursuant to 21–A M.R.S.A. § 901, insures its clarity and allows for procedural uniformity through the requirement that a standard form be used or a petitioner-supplied form be approved by the Secretary. Compliance with this section imposes a justifiable minimal burden on a petitioner. *See Delgado v. Smith,* 861 F.2d 1489, 1497 (11th Cir.1988). Here, however, the Secretary's refusal to furnish the petition form is a complete bar to Wyman exercising his initiative petition rights. The burden that the Secretary must overcome to justify such a drastic limitation on protected conduct at the core of the political process is "well-nigh insurmountable." *Meyer,* 486 U.S. at 425, 108 S.Ct. at 1894.

should be treated as a suit against the State") (citing *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985)).

■ The Secretary's sole justification for denying Wyman's petition rights is that the petition, once filed, would in the opinion of the Secretary and that of the Attorney General, be invalid because it would impermissibly bind future Legislatures. *See Opinion of the Attorney General,* August 5, 1991. The potential invalidity of the subject of an initiative petition, however, is not a sufficient reason to pre-empt the petition process itself or to bar the discussion of the issues raised in the petition. *See Meyer,* 486 U.S. at 426, 108 S.Ct. at 1894; *Allen v. Quinn,* 459 A.2d 1098, 1102–03 (Me.1983). Moreover, the Secretary's concerns of voter confusion and wasted resources if potentially invalid questions are included on the ballot are not implicated during the initial signature collection phase.

■ Because the petition process is protected by the first amendment and the Secretary has advanced no compelling interest in executive oversight of the content of the petition prior to its circulation for signature, his refusal to furnish the petition form based on the content of the proposed legislation impermissibly violated Wyman's rights protected by the first amendment. *See Meyer,* 486 U.S. at 428, 108 S.Ct. at 1895; *Stoddard v. Quinn,* 593 F.Supp. 300, 307 (D.Me.1984) (in the absence of legitimate state interests, filing deadlines imposed on independent candidates violated first amendment); *Anderson v. Quinn,* 495 F.Supp. 730, 734 (D.Me.1980) (absent compelling interest, restrictions on independent candidate for president held unconstitutional).

## II. *Attorney Fees*

■ We find no merit in the Secretary's contention that Wyman is not entitled to the full amount of his attorney fees. Because Wyman prevailed on his claim pursuant to section 1983, he is entitled to recover his attorney fees pursuant to section 1988.

The only immunities available to the defendant in an official capacity action are those that the governmental entity possesses. *Id.*

*Wyatt v. Cole,* 928 F.2d 718, 724 (5th Cir. 1991); *Deutsch v. Crosson,* 171 A.D.2d 837, 839, 567 N.Y.S.2d 773, 775 (1991). *See also Missouri v. Jenkins,* 491 U.S. 274, 278, 109 S.Ct. 2463, 2466, 105 L.Ed.2d 229 (1989) (attorney fees ancillary to prospective relief are reimbursable) (citing *Hutto v. Finney,* 437 U.S. 678, 696–97, 98 S.Ct. 2565, 2576–77, 57 L.Ed.2d 522 (1978)).

■ An award of attorney fees pursuant to section 1988 is within the discretion of the trial court and should not be disturbed absent evidence of an abuse of that discretion. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *Koster v. Perales,* 903 F.2d 131, 139 (2d Cir.1990). Prevailing parties on civil rights claims "should ordinarily recover an attorney fee unless special circumstances would render an award unjust." *Blanchard v. Bergeron,* 489 U.S. 87, 89 n. 1, 109 S.Ct. 939, 942 n. 1, 103 L.Ed.2d 67 (1989) (quoting *Newman v. Piggie Park Enters., Inc.,* 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (1968) (Title II fees)); *Wyman v. Town of Skowhegan,* 464 A.2d 181, 185 (Me.1983). In awarding attorney fees, the court "must determine the proper amount of the fee award, taking into account any pertinent factors discussed in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)."[8] *Wyman,* 464 A.2d at 185. The most important of the *Johnson* factors is the result obtained. *Id.* This is evidenced by the overall relief provided. *Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940.

■ The Secretary contends that Wyman is not entitled to fees for that part of his claim based on the violation of state law, or for fees generated in opposition to the intervenors, or for fees relating to un-successful contentions. The award of attorney fees, pursuant to section 1988, is proper, however, "where a pendent constitutional claim is involved, even if the statutory claim on which the plaintiff prevailed is one for which fees cannot be awarded under the Act." *Maher v. Gagne,* 448 U.S. 122, 132 n. 15, 100 S.Ct. 2570, 2576 n. 15, 65 L.Ed.2d 653 (1980). *See also Exeter–West Greenwich Regional School Dist. v. Pontarelli,* 788 F.2d 47, 51 (1st Cir.1986) (fees awarded on state law claim arising from same nucleus of facts as constitutional claim). Accordingly, Wyman's success on his state law claim for a review of the Secretary's actions pursuant to M.R.Civ.P. 80C does not disable his entitlement to attorney fees on his claim pursuant to section 1983 and section 1988.

Similarly, because Wyman's opposition to the intervenors was integrally related to his contention on the merits that a substantive review of the petition was premature, that portion of his attorney's work was properly included in the fee award. *Hensley,* 461 U.S. at 438, 103 S.Ct. at 1942. Furthermore, Wyman's failure to prevail on every contention raised in support of his claim does not require a corresponding reduction in the fee award. *Id.* at 435, 103 S.Ct. at 1940 ("[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."); *Inmates of the Maine State Prison v. Zitnay,* 590 F.Supp. 979, 984 (D.Me.1984).

Nor did the court abuse its discretion in determining that the Secretary, as the primary defendant, is responsible for the full award. Fee awards are to be guided by substantive liability rules, *Koster,* 903 F.2d at 139, and should reflect the defendant's degree of responsibility for the injury suf-

---

**8.** The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the question presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment due to the acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).

fered by the plaintiff. *Id.* at 140. Here, the fee award properly reflects the Secretary's responsibility for the deprivation of Wyman's constitutional rights.

The entry is:

Judgment affirmed.

All concurring.